UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NICHOLAS GALLELLI, an infant, by and
through his Parents and Natural Guardian,
MARC GALLELLI and LINDA GALLELLI, and
MARC GALLELLI and LINDA GALLELLI,
Individually,

                Plaintiffs,

        - against -

CROWN IMPORTS, LLC, GRUPO MODELO,
S.A. de C.V., aka G MODELO
CORPORATION, BARTON BRANDS, LTD.,
and BARTON BEERS, LTD.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Docket No.:  CV 08 3372 (LDW) (ARL)

**ANSWER**

**(PURSUANT TO F.R.C.P. 38(b),
DEFENDANTS DEMAND A TRIAL
BY JURY)**

      The defendants, CONSTELLATION SPIRITS INC. f/k/a BARTON BRANDS,

LTD., and BARTON BEERS, LTD., by and through their attorneys, CERUSSI &

SPRING, as and for their answer to the plaintiffs' complaint, allege as follows:

<u>AS TO JURISDICTION</u>

      FIRST:      Deny knowledge or information sufficient to form a belief as to each

and every allegation contained in paragraph numbered "1" of the complaint herein and

refer all questions of fact and issues of law to this Honorable Court.

## AS TO THE PARTIES AND VENUE

SECOND: Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "2" of the complaint herein.

THIRD: Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "3" of the complaint herein.

FOURTH: Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "4" of the complaint herein.

FIFTH: Deny each and every allegation contained in paragraph numbered "5" of the complaint herein and refer all questions of fact and issues of law to this Honorable Court except admit that co-defendant, CROWN IMPORTS, LLC, is a joint venture between co-defendant, GRUPO MODELO, S.A. de C.V. a/k/a G MODELO CORPORATION, and defendant, BARTON BEERS, LTD.

SIXTH: Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "6" of the complaint herein.

2

SEVENTH:        Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "7" of the complaint herein.

EIGHTH:        Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "8" of the complaint herein.

NINTH:        Deny each and every allegation contained in paragraph numbered "9" of the complaint herein and refer all questions of fact and issues of law to this Honorable Court except admit that defendants, CONSTELLATION SPIRITS INC. f/k/a BARTON BRANDS, LTD., and BARTON BEERS, LTD., are Delaware Corporations and have principal places of business in the State of Chicago, City of Illinois.

TENTH:        Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "10" of the complaint herein and refer all questions of fact and issues of law to this Honorable Court.

ELEVENTH:        Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "11" of the complaint herein.

3

TWELFTH:        Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "12" of the complaint herein and refer all questions of fact and issues of law to this Honorable Court.

THIRTEENTH:        Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "13" of the complaint herein.

FOURTEENTH:        Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "14" of the complaint herein.

FIFTEENTH:        Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "15" of the complaint herein.

SIXTEENTH:        Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "16" of the complaint herein and refer all questions of fact and issues of law to this Honorable Court.

SEVENTEENTH:        Deny each and every allegation contained in paragraph numbered "17" of the complaint herein and refer all questions of fact and issues of law to this Honorable Court.

4

EIGHTEENTH:                  Deny each and every allegation contained in paragraph numbered "18" of the complaint herein and refer all questions of fact and issues of law to this Honorable Court.

NINETEENTH:                  Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "19" of the complaint herein.

TWENTIETH:                  Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "20" of the complaint herein.

TWENTY-FIRST:                  Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "21" of the complaint herein.

TWENTY-SECOND:                  Deny each and every allegation contained in paragraph numbered "22" of the complaint herein and refer all questions of fact and issues of law to this Honorable Court.

TWENTY-THIRD:                  Deny each and every allegation contained in paragraph numbered "23" of the complaint herein and refer all questions of fact and issues of law to this Honorable Court.

5

## AS TO THE FIRST CAUSE OF ACTION

TWENTY-FOURTH:        Repeat, reiterate and reallege each and every response to paragraphs numbered "1" through "23", inclusive, of the complaint, with the same force and effect as though fully set forth herein, in response to paragraph numbered "24" of the complaint.

TWENTY-FIFTH:        Deny each and every allegation contained in paragraph numbered "25" of the complaint herein and refer all questions of fact and issues of law to this Honorable Court.

TWENTY-SIXTH:        Deny each and every allegation contained in paragraph numbered "26" of the complaint herein and refer all questions of fact and issues of law to this Honorable Court.

TWENTY-SEVENTH:        Deny each and every allegation contained in paragraph numbered "27" of the complaint herein and refer all questions of fact and issues of law to this Honorable Court.

TWENTY-EIGHTH:        Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "28" of the complaint herein and refer all questions of fact and issues of law to this Honorable Court.

6

TWENTY-NINTH: Deny each and every allegation contained in paragraph numbered "29" of the complaint herein and refer all questions of fact and issues of law to this Honorable Court.

THIRTIETH: Deny each and every allegation contained in paragraph numbered "30" of the complaint herein and refer all questions of fact and issues of law to this Honorable Court.

THIRTY-FIRST: Deny each and every allegation contained in paragraph numbered "31" of the complaint herein.

## AS TO THE SECOND CAUSE OF ACTION

THIRTY-SECOND: Repeat, reiterate and reallege each and every response to paragraphs numbered "1" through "31", inclusive, of the complaint, with the same force and effect as though fully set forth herein, in response to paragraph numbered "32" of the complaint.

THIRTY-THIRD: Deny each and every allegation contained in paragraph numbered "33" of the complaint herein and refer all questions of fact and issues of law to this Honorable Court.

7

THIRTY-FOURTH:        Deny each and every allegation contained in paragraph numbered "34" of the complaint herein and refer all questions of fact and issues of law to this Honorable Court.

THIRTY-FIFTH:      Deny each and every allegation contained in paragraph numbered "35" of the complaint herein and refer all questions of fact and issues of law to this Honorable Court.

THIRTY-SIXTH:      Deny each and every allegation contained in paragraph numbered "36" of the complaint herein.

## AS TO THE THIRD CAUSE OF ACTION

THIRTY-SEVENTH:        Repeat, reiterate and reallege each and every response to paragraphs numbered "1" through "36", inclusive, of the complaint, with the same force and effect as though fully set forth herein, in response to paragraph numbered "37" of the complaint.

THIRTY-EIGHTH:        Deny each and every allegation contained in paragraph numbered "38" of the complaint herein and refer all questions of fact and issues of law to this Honorable Court.

THIRTY-NINTH:            Deny each and every allegation contained in paragraph numbered "39" of the complaint herein and refer all questions of fact and issues of law to this Honorable Court.

FORTIETH:            Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "40" of the complaint herein.

FORTY-FIRST:            Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "41" of the complaint herein and refer all questions of fact and issues of law to this Honorable Court.

FORTY-SECOND:            Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "42" of the complaint herein.

FORTY-THIRD:            Deny each and every allegation contained in paragraph numbered "43" of the complaint herein.

## AS TO THE FOURTH CAUSE OF ACTION

FORTY-FOURTH:            Repeat, reiterate and reallege each and every response to paragraphs numbered "1" through "43", inclusive, of the complaint, with the

9

same force and effect as though fully set forth herein, in response to paragraph numbered "44" of the complaint.

FORTY-FIFTH:          Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "45" of the complaint herein.

FORTY-SIXTH:          Deny each and every allegation contained in paragraph numbered "46" of the complaint herein and refer all questions of fact and issues of law to this Honorable Court.

FORTY-SEVENTH:          Deny each and every allegation contained in paragraph numbered "47" of the complaint herein and refer all questions of fact and issues of law to this Honorable Court.

FORTY-EIGHTH:          Deny each and every allegation contained in paragraph numbered "48" of the complaint herein.

## AS TO THE FIFTH CAUSE OF ACTION ON
## BEHALF OF PLAINTIFFS, MARC AND LINDA GALLELLI

FORTY-NINTH:          Repeat, reiterate and reallege each and every response to paragraphs numbered "1" through "48", inclusive, of the complaint, with the

same force and effect as though fully set forth herein, in response to paragraph numbered "49" of the complaint.

FIFTIETH:        Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "50" of the complaint herein.

FIFTY-FIRST:        Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "55" of the complaint herein.

FIFTY-SECOND:    Deny each and every allegation contained in paragraph numbered "52" of the complaint herein.

AS AND FOR A FIRST SEPARATE,
AFFIRMATIVE AND COMPLETE DEFENSE

FIFTY-THIRD:        That if the plaintiffs, NICHOLAS GALLELLI, an infant by and through his Parents and Natural Guardian, MARC GALLELLI and LINDA GALLELLI, and MARC GALLELLI and LINDA GALLELLI, Individually, sustained any injuries as alleged, such injuries were caused by their own fault and negligence and/or culpable conduct, wholly or partially.

11

That any damages to which plaintiffs may become entitled should be diminished in the same proportion, as plaintiffs' own negligent and/or culpable conduct bears to the total negligent and/or culpable conduct responsible for the injuries sustained.

AS AND FOR A SECOND SEPARATE,
AFFIRMATIVE AND COMPLETE DEFENSE

FIFTY-FOURTH:    That some or all of the plaintiffs' alleged economic loss was or will be replaced or indemnified from collateral sources and, therefore, any award for economic loss should be reduced thereby, pursuant to CPLR §4545.

AS AND FOR A THIRD SEPARATE,
AFFIRMATIVE AND COMPLETE DEFENSE

FIFTY-FIFTH:        That the liability, if any, of the defendants, CONSTELLATION SPIRITS INC. f/k/a BARTON BRANDS, LTD., and BARTON BEERS, LTD., is limited pursuant to the provisions of Article 16 of the Civil Practice Law and Rules.

AS AND FOR A FOURTH SEPARATE,
AFFIRMATIVE AND COMPLETE DEFENSE

FIFTY-SIXTH:        That the injuries and damages alleged to have been sustained by the plaintiffs were sustained while plaintiffs were involved in an activity into which they had entered, knowing full well the hazard thereof and the inherent risk incident to such activity, and knowing the methods to be used in the performance of

12

such activity and the damages thereof, that such risks and damages were expected and assumed by the plaintiffs upon entering into and continuing in such activity.

### AS AND FOR A FIFTH SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE

FIFTY-SEVENTH:          That upon information and belief, the injuries and damages alleged were caused by the culpable conduct of some third person or persons over whom these answering  defendants exercised no control, direction or supervision.

### AS AND FOR A SIXTH SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE

FIFTY-EIGHTH:          That the complaint herein fails to state a cause of action upon which relief may be granted.

### AS AND FOR A SEVENTH SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE

FIFTY-NINTH:          Upon information and belief, the product which forms the subject of this lawsuit was misused by the plaintiffs and/or by others over whom these defendants exercised neither direction nor control.

13

## AS AND FOR AN EIGHTH SEPARATE,
### AFFIRMATIVE AND COMPLETE DEFENSE

SIXTIETH:        Upon information and belief, if it is found that any product distributed, manufactured, sold or maintained by these defendants is involved in this lawsuit, such product underwent substantial alterations after said product left the possession and control of these answering defendants.


## THESE ANSWERING DEFENDANTS ASSERT A CROSS-CLAIM
### OVER AGAINST CO-DEFENDANT, GRUPO MODELO, S.A de C.V. aka G
### MODELO CORPORATION, , PURSUANT TO F.R.C.P. 13 FOR APPORTIONMENT

SIXTY-FIRST:       If the plaintiffs were caused to sustain damages as alleged in the complaint, said damages will have been sustained by reason of the negligence, and/or culpable conduct, and/or breach of contract, and/or breach of warranty of the party against whom a claim is being asserted and if these defendants claiming over are also found negligent, and/or culpable, then such defendants will be entitled to contribution and indemnification, in whole or in part, by each negligent and/or culpable party named in this claim over, for the portion of the plaintiffs' damages which were caused by the negligent and/or culpable party named in this cross-claim over, together with the attorneys' fees, costs of investigation and disbursements incurred in the defense of this action.


WHEREFORE, these answering defendants demand judgment:

(1)    Dismissing the plaintiffs' complaint;

    (2)    Adjudicating the ultimate rights of the parties, as between themselves, in this action;

    (3)    For contribution and/or indemnification on the cross-claim against the co-defendant as named above; and

    (4)    For costs and disbursements against adverse parties.

Dated:  White Plains, New York
         September 17, 2008

                         Yours, etc.,

                         Thomas F. Cerussi (8676)
                         A Member of the Firm of
                         CERUSSI & SPRING
                         Attorneys for Defendants
                         CONSTELLATION SPIRITS INC. f/k/a
                         BARTON BRANDS, LTD., and BARTON
                         BEERS, LTD.
                         One North Lexington Avenue
                         White Plains, New York 10601-1700
                         Tel. No.  (914) 948-1200

TO:    LAW OFFICES OF ROBERT F. DANZI
        Attorneys for Plaintiffs
        900 Merchants Concourse, Suite 214
        Westbury, New York  11590
        Tel. No.  (516) 228-4226

AFFIDAVIT OF SERVICE BY FIRST CLASS MAIL

STATE OF NEW YORK          )
                           )   ss.:
COUNTY OF WESTCHESTER      )


ELIZABETH FIGUEROA, being duly sworn, deposes and says that she is employed by Cerussi & Spring, attorneys for defendants, CONSTELLATION SPIRITS INC. f/k/a BARTON BRANDS, LTC., and BARTON BEERS, LTD., herein, is not a party to this action, is over 18 years of age, and resides in Mahopac, New York.  That on the 17th day of September, 2008, I served the within:

### ANSWER

by mailing a copy of same in a sealed envelope, with postage prepaid thereon, in an official depository of the U.S. Postal Service within the State of New York, addressed to:

LAW OFFICES OF ROBERT F. DANZI
Attorneys for Plaintiffs
900 Merchants Concourse, Suite 214
Westbury, New York  11590
Tel. No.  (516) 228-4226


_____
ELIZABETH FIGUEROA


Sworn to before me on this
17th day of September, 2008

_____
Notary Public

THOMAS FRANCIS CERUSSI
Notary Public, State of New York
No. 02CE4971320
Qualified in Westchester County
Commission Expires August 27, 20_10_