# CERUSSI & SPRING
A PROFESSIONAL CORPORATION
ATTORNEYS
ONE NORTH LEXINGTON AVENUE
WHITE PLAINS, NEW YORK 10601-1700

TELEPHONE (914) 948-1200
FACSIMILE (914) 948-1579

November 21, 2008

Honorable Leonard D. Wexler
United States District Court Judge
United States District Court
for the Eastern District of New York
Long Island Federal Courthouse
944 Federal Plaza
Central Islip, New York 11772

    Re:    Gallelli, N. v. Crown Imports, LLC, et al
            Docket No.: 08-CV-3372
            C&S Ref.: 100.7469-08

Honorable Sir:

This firm represents the defendants, Constellation Spirits Inc. f/k/a Barton Brands, Ltd., and Barton Beers, Ltd., in connection with the above-captioned matter. We write to you at this time to respond to the letter, dated November 14, 2008, from Gary A. Bornstein, Esq., counsel for co-defendant, Grupo Modelo S.A., de C.V., a/k/a G Modelo Corporation (hereinafter referred to as "G Modelo"), who has requested a pre-motion conference herein. Mr. Bornstein seeks leave to file a pre-answer motion pursuant to Rule 12(b) of the Federal Rules of Civil Procedure seeking dismissal of all direct claims and cross-claims against G Modelo for lack of personal jurisdiction.

Initially, we note that the co-defendant, G Modelo, is part of a joint venture with co-defendant, Crown Imports, LLC, which imports, distributes and markets the Modelo portfolio of beer as well as other beer brands across the entire United States, including the State of New York. We believe that there is a basis of personal jurisdiction over G Modelo under CPLR §302(a)(3)(i). That provision finds a basis of jurisdiction over a non-domiciliary defendant who "commits a tortious act without the state causing injury to a person or property within the state, except as to a cause of action for defamation of character arising from the act, if he: (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed within the state." It is the position of these defendants that long arm

CERUSSI & SPRING

Honorable Leonard D. Wexler
November 21, 2008
Page 2

jurisdiction may be sustained over G Modelo based upon its manufacture and sale of an allegedly defective product "without New York State" which allegedly caused injury to the infant plaintiff, a person "within New York State."

Secondly, with regard to the issue of service of process, we refer to and adopt the arguments set forth by plaintiffs' counsel, Robert F. Danzi, Esq., in his letter, dated November 19, 2008, in response to Mr. Bornstein's application.

Based upon the foregoing, we respectfully request that co-defendant, G Modelo's application seeking permission for leave to file the aforesaid motion be denied by the Court. G Modelo cannot establish its entitlement to the dismissal of all claims for lack of jurisdiction, including the cross-claim asserted against it by these defendants in their verified answer, dated September 17, 2008, a copy of which has been served upon all parties to the litigation.

Should you have any questions with regard to the above, please do not hesitate to contact the undersigned of this firm.

Respectfully submitted,

THOMAS F. CERUSSI

TFC/ef

cc:   Gary A. Bornstein, Esq.
      Cravath, Swaine & Moore, LLP

      The Law Office of Robert F. Danzi, Esq.

      Brian S. Brandman, Esq.
      Morenus, Conway, Goren & Brandman

**BY CM/ECF AND FIRST CLASS MAIL**