# THE LAW OFFICE OF



### ROBERT F. DANZI

900 MERCHANTS CONCOURSE SUITE 214 WESTBURY, NEW YORK 11590

ROBERT F. DANZI

OF COUNSEL:
JOAN FERRETTI
ADMITTED IN DC & FL

MARK L. LIEBERMAN
ADMITTED IN NY & FL

March 4, 2009

Hon. Arlene R. Lindsay
United States Magistrate Judge
United States District Court for the Eastern District of New York
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, New York 11772

Re:     *Gallelli v. Crown Imports, LLC, et al.*
        Docket No.:  08-CV-3372

Dear Honorable Madam:

This firm represents plaintiffs in the above referenced matter.  This is an action for grievous personal injuries caused by an exploding bottle of Corona beer which permanently blinded the left eye of a 16-month old boy and disfigured him.  Defendant, Barton Beers/Constellation (Barton), an Illinois corporation, is a joint venture partner with the Grupo Modelo group in defendant Crown Imports, LLC, an entity comprised of defendant G Modelo Corporation (a wholly owned Delaware subsidiary or alter ego of defendant Grupo Modelo) and Barton. Collectively, defendants manufacture, bottle, export, import, market and distribute Corona Beer throughout the United States, including the State of New York.

This is a letter cross motion pursuant to Fed. R. Civ. Proc. 37:  (a) to compel Barton to comply with plaintiffs' Rule 34 Request and Notice of Deposition, which were served on January 9 and January 21, 2009, respectively, pursuant to this Court's  December 11, 2008 Scheduling Order, and (b) for an extension of the March 13, 2009 date for completion of all personal jurisdiction discovery as set forth in said Order. True and correct copies of the Order, plaintiffs' Rule 34 Request to Barton, with affidavit of service, and plaintiffs' Notice for Barton's deposition with affidavit of service, are annexed as Exhibits A, B, and C, respectively.

This letter is also submitted in opposition to Barton's motion for a protective/confidentiality order.

Barton's motion is frivolous, since plaintiffs already offered to treat Barton's documents as confidential.  Despite being served with a request for documents on January 9, 2009, Barton failed to produce or identify anything, failed to seek any extension of time, interposed no objections, and due to untimeliness, Barton waived any right to seek a protective or confidentiality order.  Plaintiffs' cross motion should be granted; Barton's motion for a protective/confidentiality order must be denied as untimely, meritless and frivolous.



ROBERT F.
DANZI

## Good Faith

Barton's attorney Thomas Cerussi wrote by letter dated February 18, 2009, five days after the due date for Barton to have produced documents pursuant to plaintiffs' Rule 34 Request, enclosing a blanket confidentiality order so over broad and restrictive as to defy good  faith. Exhibit D. No documents were identified for production or  as in need of confidentiality. Barton neverproduced anything pursuant to plaintiffs' Rule 34 Request. Barton also refused to provide a witness for deposition unless it is in Illinois.

On February 25, 2009, Robert Lustberg, Esq., who is of counsel to my firm, telephoned and spoke to Mr. Cerussi in a good faith effort to avoid motion practice. We informed Mr. Cerussi that we could not sign a confidentiality order in the form he proposed, but that as an accommodation, in good faith reliance upon his representation that he had voluminous documents ready to be produced, and that unlike Grupo Modelo's document production, his document production would be fully responsive to plaintiffs' request, we agreed to use only in connection with this case, any documents his client produced and identified as in need of confidentiality, and we agreed to not distribute such documents to any third parties not connected with this case. Cerussi agreed to this, and we confirmed this agreement in writing by letter dated February 25, 2009. Exhibit E. In the February 25th letter, we also apprised Cerussi we did not agree with his view regarding the location of Barton's deposition, and that we would seek an extension of the time deadline in the Scheduling Order.

On February 26, 2009, Cerussi called Mr. Lustberg and asked if we would look again at the proposed Stipulation and try to modify it. After reviewing the proposed protective order/confidentiality agreement, we could not satisfactorily modify it, since it continued to be over broad and unduly restrictive, failed to identify any document or category of documents needing confidentiality, and also purported to protect documents which might be produced by Grupo Modelo and Crown, even though neither of those defendants had even asked for a confidentiality order, much less produced or identified documents timely or in good faith. However, we reiterated our offer to keep Barton's documents confidential as set forth in our February 25, 2009 letter, and confirmed this in a letter dated February 26, 2009. Exhibit F. We received no response to the February 26, 2009 letter. Barton's March 3, 2009 motion for a confidentiality/protective order was filed; it fails to identify any documents which need protection, and makes no showing why the confidentiality plaintiffs offered in our February 25, 2009 letter would be inadequate. To date, no documents have been either produced by Barton or identified as responsive to plaintiffs' Rule 34 Request. Plaintiffs' cross motion ensues.

## This Court should order Barton to produce all responsive records

Plaintiffs' Rule 34 Request to Barton seeks documents pertaining to (a) Grupo's identity and relationships with the other defendants, and (b) Grupo's business contacts, activities and arrangements regarding producing, exporting, marketing, advertising, distributing and selling Corona beer in the United States,  the northeast, and the State of New York.

Since plaintiffs served their Rule 34 request on Barton on January 9, 2009, the time for Barton to produce, move for a confidentiality or protective order, or interpose any objections to production was past by the time Cerussi sent the February 18, 2009 letter. Barton waived all objections and claims of



confidentiality. Its motion must be denied and plaintiffs' cross motion must be granted.

Barton has produced nothing, identified nothing, interposed no objections, claimed no privileges, and sought no protective order. Its motion for confidentiality order is untimely and, given plaintiffs' prior offer to treat Barton's documents as confidential, frivolous. Barton has never identified any documents responsive to plaintiffs' Request, much less articulated any putative privilege or need for confidentiality pertaining to any of them. None of the documents called for by plaintiffs are subject to any privilege, and since no document has been identified, much less identified with the particularity required by Rule 26, and no privilege or need for confidentiality has been asserted for any document, this Court should order Barton to fully and fairly produce the documents called for in Plaintiffs' Rule 34 Request, forthwith.

### This Court should direct Barton to appear for deposition at the United States District Court House in Central Islip

Barton, which admittedly does business in the State of New York, is properly before the Court, and interposed no defense based on personal jurisdiction, nevertheless, contrary to Rule 30(b)(6), refused produce any person with knowledge of facts relevant to this Court's personal jurisdiction over its joint venture partner, unless the deposition takes place in Illinois. No authority is offered for this proposition. Nothing in the Federal Rules of Civil Procedure affords a defendant in an action in the Eastern District of New York, a right to designate the location of its deposition outside the Eastern District of New York, much less in another state. Plaintiffs' motion to compel the deposition of Barton in the Eastern District of New York must be granted. Plaintiffs' respectfully request that the deposition be ordered to take place in the United States District Courthouse in Central Islip.

### The end date for completion of personal jurisdiction discovery needs to be extended

The December 11, 2008 Scheduling Order sets March 13, 2009 as the end date for completion of personal jurisdiction discovery. Plaintiffs timely noticed their document requests and Barton's deposition date, such that said discovery would be completed well within the specified time period. Barton's failure to engage in discovery contrary to the Federal Rules, necessitates that the March 13, 2009 date be extended to such date as will permit plaintiffs to have the full and fair opportunity to engage in said discovery.

### Conclusion

Plaintiffs respectfully request that their cross motion be granted in all respects, and that Barton's cross motion be denied with costs.

Respectfully submitted,

Robert F. Danzi
(ED Bar Roll #RD5447)

Enc.
cc: All counsel via electronic filing with ECF

Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
NICHOLAS GALELLI, et al.,

                                    Plaintiffs,

                                                          **SCHEDULING ORDER**
                                                          CV 08-3372 (LDW)(ARL)
          -against-

CROWN IMPORTS, LLC, et al.,

                                    Defendants,
--------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

The following pretrial schedule is adopted:

March 13, 2009          All personal jurisdiction discovery is to be concluded

April 24, 2009          Deadline for submission of the fully briefed motion to dismiss to Judge
                        Wexler

July 10, 2009:          Deadline for commencement of motion practice for joinder of additional
                        parties or amendment of pleadings.

October 16, 2009:       All discovery, inclusive of expert discovery, to be concluded. The
                        parties  are advised that pursuant to Judge Wexler's directions, this case
                        must be marked ready for trial no later than 12 months from the date of
                        filing. Any party seeking to extend the discovery schedule  is hereby
                        advised that such extensions will be strictly limited to accommodate
                        complex matters and exigent circumstances of counsel.

October 30, 2009:       Any party planning on making a dispositive motion must take the first step
                        in the motion process by this date or risk forfeiting the right to make such
                        a motion.  Parties are directed to consult the district judge's individual
                        rules regarding such motion practice.

November 13, 2009:      Final conference before the undersigned at 11:00 a.m. Parties are to
                        electronically file a joint proposed pretrial order in compliance with
                        the district judge's individual rules, signed by counsel for each party, prior
                        to the conference.
                        Meaningful settlement discussions will occur at the conference.  Clients or
                        other persons with full settlement authority must be available by
                        telephone.

This scheduling order was entered at the direction of Judge Wexler. However, should the defendants who were not present at the conference wish to weigh on the schedule, they may request a modification of this scheduling order in writing.

All parties are advised that they are under a continuing obligation to keep the Court apprised of any changes in their contact information including, but not limited to, their addresses.

Counsel for the plaintiff is directed to serve a copy of this order on the defendants who have not yet appeared in this action.

Dated: Central Islip, New York
      December 11, 2008

SO ORDERED:
/s/
ARLENE ROSARIO LINDSAY
United States Magistrate Judge

Exhibit B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
NICHOLAS GALLELLI, an infant, by and through          Civil Action No.:
his Parents and Natural Guardians, MARC GALLELLI      08-3372
and LINDA GALLELLI, and MARC GALLELLI                 (LDW)(ARL)
and LINDA GALLELLI, Individually,

                              Plaintiffs,

                     - against -                      **REQUEST FOR**
                                                      **PRODUCTION OF**
                                                      **DOCUMENTS**
CROWN IMPORTS, LLC, GRUPO MODELO, S.A.
de C.V., aka G MODELO CORPORATION,
BARTON BRANDS, LTD., and
BARTON BEERS, LTD.,

                              Defendants.
-----------------------------------------------------------------X

    Sirs: PLEASE TAKE NOTICE pursuant to Fed. R. Civ. Proc. 34 and the Order

of this Court (Lindsay, U.S.M.J.) dated December 11, 2008, paragraph 1, defendants and

each of them shall furnish the following documents within the time set forth in Rule 34.

                              Definitions

    The term defendant or defendants for purposes of this Request shall include each

of the following entities, irrespective of any claims which any defendant or defendants

intend to make regarding service, jurisdiction or party identity:  CROWN IMPORTS,

LLC, GRUPO MODELO, S.A. de C.V., G MODELO CORPORATION, BARTON

BRANDS, LTD., BARTON BEERS, LTD., CONSTELLATION SPIRITS INC. The

time period covered by this request is January 1, 2006 through January 1, 2009.  Unless

specifically noted otherwise, the documents demanded are those which were in effect,

operative, or utilized by defendants or any of them during the covered time period,

regardless of when such documents were created, generated, signed or came into the possession of defendant or any of them.

The term document refers to all writings, of any kind or nature, whether retained electronically or on paper, or in other form, including e-mail, memos, letters, reports, photographs, filings, correspondence, produced by the defendant or in the possession of the defendant, its parent corporation or entity, its subsidiary corporation or entity, its attorney, or any joint venturer, any consultant or contractor of the defendant or its parent or subsidiary corporation or entity. It is assumed that any legal opinions or papers prepared by or exchanged with corporate attorneys which have been filed or otherwise distributed to third parties, including, but not limited to co-defendants, are not protected by attorney client privilege.

If there are any documents responsive to this Request, as to which a privilege is claimed, please identify the document, by date, author, recipient(s) and subject matter, and state the nature and basis of the privilege claimed.

The term correspondence shall include, without limitation, all written communication between parties, whether memorialized in writing by letter, memo, email, text message, facsimile, website or otherwise.

The term Corona Beer as used herein refers to any beer or beer beverage produced by DIBLO, S.A. de C.V., Groupo Modelo, S.A. de C.V., and/or G Modelo Corporation, and/or sold under the brand name(s) Corona, Corona Extra, Corona Light or Corona Beer.

<u>Documents Requested</u>

1.     All documents relating to, reflecting or memorializing the incorporation of defendant, its parent or subsidiary corporations or entities, whether in the United States, or elsewhere.

2.     All authorizations for defendant to do business, whether commonly referred to as DBAs, or otherwise, in any state of the United States, any county, municipality or government subdivision thereof, filed by or on behalf of defendant or any parent, subsidiary or joint venturer thereof.

3.     All contracts and agreements between or involving defendant and any other entity, whether or not a defendant or subsidiary or joint venturer of any defendant, for the brewing, manufacture, bottling, exporting, importing, production, marketing, sale or distribution of Corona Beer which is, is intended to be, or may be, marketed, sold or distributed in the United States of America.

4.     All  Joint Operating Agreements for the brewing, and/or manufacture, and/or bottling, and/or exporting, and/or importing, and/ or production, and/or marketing, and/or sale, and/or distribution of Corona Beer in the United States, or any region or State in the United States.

5.     All contracts or agreements with riders and amendments thereto between or among the defendant and any other defendant in this case, whether or not there are any additional parties thereto.

3

6.     All joint venture agreements with riders thereto and amendments, entered into between or among any defendants in this case, whether or not there are any additional parties thereto.

7.     All filings with the SEC by any defendant or group of defendants, or joint venture of defendants or any of them or their parents or subsidiaries.

8.     All correspondence between the defendant and any other defendant or defendants including, but not limited to correspondence involving contractors, attorneys, experts, claims, complaints, quality control, together with any attachments or enclosures to said correspondence.

9.     As set forth in the Complaint at paragraph 21, the bottle which is alleged to have exploded in this case has numeric and letter identifying information on the bottle. Defendant is to produce any and all documents which identify the manufacturer of the bottle, the producer of the beer which was contained in the bottle and the bottler of this bottle of beer, together with any and all documents which identify the specific brewery, manufacturing plant and bottling plant, which explain or identify any code or key to understanding the numbering found on bottles of Corona Beer, including information which identifies the date and location of manufacture. Attached hereto for ease of reference is a photograph of the portion of the bottle that contains the numeric and letter identifying information.

10.     Copies of all Summonses and Complaints received by defendant during the period January 1, 2003 and January 1, 2009, excluding the Summons and Complaint in this matter, which involves the production, sale, usage, quality, bottling, or packaging of Corona Beer, and all answers filed by or on behalf of defendant, and any motions

4

addressed to alleged defects in personal jurisdiction or personal service filed on or behalf of defendant in said action(s), together with all affidavits or papers filed in support thereof.

11.     All indemnity agreements between or among defendant and any other defendant or defendants, their subsidiaries or joint venturers, including, but not limited to the indemnity agreement referred to in cross claims filed by any defendant herein.

12.     All contracts or agreements between or among defendants or any of them, their subsidiaries or joint venturers, or any other entity, regarding products liability arising from the brewing, manufacture, bottling, exporting, importing, sale, marketing and distribution of Corona Beer, including, but not limited to, insurance policies.

13.     All writings of any nature, including but not limited to, correspondence, agreements, contracts, indemnities, business plans, joint ventures, filings, which involve defendants or any of them and DIBLO, S.A. de C.V.

14.     All writings of any nature, including but not limited to, correspondence, agreements, contracts, indemnities, business plans, joint ventures, filings, which involve defendants or any of them and ANHEUSER BUSCH COMPANIES, INC.

15.     All writings of any nature, including but not limited to, correspondence, agreements, contracts, indemnities, business plans, joint ventures, corporate filings, annual, quarterly or periodic reports, shareholder reports or disclosures, public statements and press releases, between or involving defendants GRUPO MODELO, S.A. de C.V. and/or G MODELO CORPORATION .

16.     Defendant's State and US and Mexican Federal tax returns, and any modifications or extensions thereof, including all schedules, for the periods January 1, 2003 through January 1, 2008.

17.     All business plans, reports, analyses, contracts and other documents regarding the import, marketing, distribution and sale of Corona Beer in the north east region of the US and/or in the State of New York.

18.     All documents regarding or reflecting the marketing and advertising of Corona Beer in the United States and/or New York State and/or the north east region of the United States, including, but not limited to budgets, contracts for print and media advertising, correspondence with advertising copy producers and advertising vendors, bills, invoices, receipts, advertising copy.

19.     All financial or other reports, filings, spread sheets, shareholder disclosures, web pages, and other documents which reflect or memorialize the market share held by Corona Beer in the United States and/or New York State and revenues derived by defendants or any of them therefrom.

PLEASE TAKE FURTHER NOTICE that pursuant to Order, these requests are intended to address issues involving the identity and corporate and business relationships of defendants, and their business activities which touch and concern the United States, for purposes of personal jurisdiction and the correction of service of process, if necessary. In making these requests plaintiffs do not waive any rights to additional discovery as provided for by the Fed. R. Civ. Proc. and the Orders of this Court.

PLEASE TAKE FURTHER NOTICE that if any document called for herein contains material defendants claim is proprietary or irrelevant to the scope of the within

6

request, the documents should be identified with particularity so that the parties can reach

an agreement regarding redaction, or submission of the materials to the Court for review.

PLEASE TAKE FURTHER NOTICE that this is a continuing request, and

defendants are obligated to supplement upon the discovery of additional materials

responsive to this request.

Dated: Westbury, New York
      January 9, 2009

<div style="margin-left:40%">

LAW OFFICE OF ROBERT F. DANZI
Attorney for Plaintiffs

By:

Robert F. Danzi
Bar Roll # RD 5447
900 Merchants Concourse, Suite 314
Westbury, New York 11590
(516) 228-4226

</div>

TO:    Cravath Swain and Moore, LLP
       Attorneys for Defendant
       GRUPO MODELO, S.A. de C.V., aka G MODELO CORPORATION
       825 Eighth Avenue
       New York, New York 10009
       (212) 474-1000

       Cerussi & Spring
       Attorneys for Defendants
       CONSTELLATION SPIRITS, INC. f/k/a BARTON BRANDS, LTD., and
       BARTON BEERS, LTD.
       One North Lexington Avenue
       White Plains, New York 10601
       (914) 948-1200

       Morenus, Conway, Goren & Brandman
       Attorneys for Defendant
       CROWN IMPORTS, LLC
       58 South Service Road, Suite 350
       Melville, New York 11747
       (631) 845-2600



STATE OF NEW YORK )
                         ) ss.:
COUNTY OF NASSAU )

        SANDRA PIMENTEL, being sworn, says:

        I am not a party to the action, am over 18 years of age and resides at LAKE RONKONKOMA, NEW YORK.

        On January 9, 2009 I served the within

## REQUEST FOR PRODUCTION OF DOCUMENTS

by depositing a true copy thereof enclosed in a post-paid wrapper,  in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth herein, as follows:

TO:

            CRAVATH, SWAIN AND MOORE, LLP
            Attorneys for Defendan
            GRUPO MODELO, S.A. de C.V., aka G MODELO CORPORATION
            825 Eighth Avenue
            New York, New York 10009
            (212) 474-1000

            CERUSSI & SPRING
            Attorneys for Defendants
            CONSTELLATION SPIRITS, INC. f/k/a BARTON BRANDS, LTD. AND BARTON BEERS, LTD.
            One North Lexington Avenue
            White Plains, New York 10601
            (914) 948-1200

            MORENUS, CONWAY, GOREN & BRANDMAN
            Attorneys for Defendant
            CROWN IMPORTS, LLC
            58 South Service Road, Suite 350
            Melville, New York 11747
            (631) 845-2600

                                             SANDRA PIMENTEL

Sworn to before me this
9th day of January, 2009

Notary Public

MARCI VELLA
Notary Public, State of New York
No. 01VE6066189
Qualified in Nassau County
Commission Expires November 13, 20___

1/18/10

CASE NO.: 08-3372
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NICHOLAS GALLELLI, an infant, by and through
his Parents and Natural Guardians, MARC
GALLELLI and LINDA GALLELLI, and MARC
GALLELLI and LINDA GALLELLI, Individually,

Plaintiffs,

- against -

CROWN IMPORTS, LLC, GRUPO MONDELO,
S.A. de C.V., aka G MODELO CORPORATION,
BARTON BRANDS, LTD., and BARTON BEETS, LTD.,

Defendants.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**Law Office of Robert F. Danzi**
**Attorney for Plaintiffs**
**900 Merchants Concourse, Suite 314**
**Westbury, New York 11590**
**(516) 228-4226**

Exhibit C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NICHOLAS GALLELLI, an infant, by and through
his Parents and Natural Guardians, MARC GALLELLI
and LINDA GALLELLI, and MARC GALLELLI
and LINDA GALLELLI, Individually,

Civil Action No.:
08-3372
(LDW)(ARL)

                    Plaintiffs,

     - against -

**NOTICE OF
DEPOSITION**

CROWN IMPORTS, LLC, GRUPO MODELO, S.A.
de C.V., aka G MODELO CORPORATION,
BARTON BRANDS, LTD., and
BARTON BEERS, LTD.,

                    Defendants.
-------------------------------------------------------------X

SIRS:

     PLEASE TAKE NOTICE, that pursuant to Fed. R. Civ. Proc. 30 and the Order of

this Court dated December 11, 2008, Plaintiffs, by their attorney, will take the deposition

upon oral examination of **Defendant, Barton Brands, Ltd. at 10:00 a.m. on March 5,**

**2009**, at the Law Office of Robert F. Danzi, 900 Merchants Concourse, Suite 314,

Westbury, New York 11590, before a Notary Public in and for the State of New York, or

before some other officer authorized by law to administer oaths. The oral examination

will continue until completed.

     PLEASE TAKE FURTHER NOTICE, that pursuant to Fed. R. Civ. Proc.

30(b)(6), the deponent is hereby notified that it shall designate one or more officers,

directors, or managing agents, or other persons who consent to testify on its behalf, that

the matters for examination shall include any and all matters pertaining to the corporate

identities and business relationships between and among CROWN IMPORTS, LLC,

GRUPO MODELO, S.A. de C.V., G MODELO CORPORATION, BARTON BRANDS, LTD., BARTON BEERS, LTD., CONSTELLATION SPIRITS, INC. and DIBLO CORP., and the manufacture, bottling, export, import, marketing, sale and distribution of Corona Beer and Corona Beer products for sale or consumption in the United States, including, but not limited to the State of New York. Such designated person(s) shall be competent to testify on all the matters relevant herein.

<div style="margin-left:40%;">

LAW OFFICE OF ROBERT F. DANZI
Attorney for Plaintiffs

By: _____
Robert F. Danzi
Bar Roll # RD 5447
900 Merchants Concourse, Suite 314
Westbury, New York 11590
(516) 228-4226

</div>

TO:    Cravath Swain and Moore, LLP
       Attorneys for Defendant
       GRUPO MODELO, S.A. de C.V., aka G MODELO CORPORATION
       825 Eighth Avenue
       New York, New York 10009

       Cerussi & Spring
       Attorneys for Defendants
       BARTON BRANDS, LTD., and BARTON BEERS, LTD.
       One North Lexington Avenue
       White Plains, New York 10601

       Morenus, Conway, Goren & Brandman
       Attorneys for Defendant
       CROWN IMPORTS, LLC
       58 South Service Road, Suite 350
       Melville, New York 11747

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF NASSAU  )

SANDRA PIMENTEL, being sworn, says:

I am not a party to the action, am over 18 years of age and resides at LAKE RONKONKOMA, NEW YORK.

On January 21, 2009 I served the within

### NOTICE OF DEPOSITION

by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth herein, as follows:

TO:

CRAVATH, SWAIN AND MOORE, LLP
Attorneys for Defendan
GRUPO MODELO, S.A. de C.V., aka G MODELO CORPORATION
825 Eighth Avenue
New York, New York 10009
(212) 474-1000

CERUSSI & SPRING
Attorneys for Defendants
CONSTELLATION SPIRITS, INC. f/k/a BARTON BRANDS, LTD. AND BARTON BEERS, LTD.
One North Lexington Avenue
White Plains, New York 10601
(914) 948-1200

MORENUS, CONWAY, GOREN & BRANDMAN
Attorneys for Defendant
CROWN IMPORTS, LLC
58 South Service Road, Suite 350
Melville, New York 11747
(631) 845-2600

SANDRA PIMENTEL

Sworn to before me this
21st day of January, 2009

Notary Public

MARCI VELLA
Notary Public, State of New York
No. 01VE6060189
Qualified in Nassau County
Commission Expires November 3, 20___

CASE NO.: 08-3372
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NICHOLAS GALLELLI, an infant, by and through
his Parents and Natural Guardians, MARC
GALLELLI and LINDA GALLELLI, and MARC
GALLELLI and LINDA GALLELLI, Individually,

                                        Plaintiffs,

- against -

CROWN IMPORTS, LLC, GRUPO MONDELO,
S.A. de C.V., aka G MODELO CORPORATION,
BARTON BRANDS, LTD., and BARTON BEETS, LTD.,

                                        Defendants.

## NOTICE OF DEPOSITION

**Law Office of Robert F. Danzi**
**Attorney for Plaintiffs**
**900 Merchants Concourse, Suite 314**
**Westbury, New York 11590**
**(516) 228-4226**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NICHOLAS GALLELLI, an infant, by and through        Civil Action No.:
his Parents and Natural Guardians, MARC GALLELLI    08-3372
and LINDA GALLELLI, and MARC GALLELLI               (LDW)(ARL)
and LINDA GALLELLI, Individually,

                            Plaintiffs,

                                                    **NOTICE OF**
            - against -                             **DEPOSITION**

CROWN IMPORTS, LLC, GRUPO MODELO, S.A.
de C.V., aka G MODELO CORPORATION,
BARTON BRANDS, LTD., and
BARTON BEERS, LTD.,

                            Defendants.
-------------------------------------------------------------X

SIRS:

        PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. Proc. 30 and the Order of

this Court dated December 11, 2008, Plaintiffs, by their attorney, will take the deposition

upon oral examination of **Defendant, Barton Beers, Ltd. at 10:00 a.m. on March 6,**

**2009,** at the Law Office of Robert F. Danzi, 900 Merchants Concourse, Suite 314,

Westbury, New York 11590, before a Notary Public in and for the State of New York, or

before some other officer authorized by law to administer oaths. The oral examination

will continue until completed.

        PLEASE TAKE FURTHER NOTICE that pursuant to Fed. R. Civ. Proc.

30(b)(6), the deponent is hereby notified that it shall designate one or more officers,

directors, or managing agents, or other persons who consent to testify on its behalf, that

the matters for examination shall include any and all matters pertaining to the corporate

identities and business relationships between and among CROWN IMPORTS, LLC,

GRUPO MODELO, S.A. de C.V., G MODELO CORPORATION, BARTON BRANDS, LTD., BARTON BEERS, LTD., CONSTELLATION SPIRITS, INC. and DIBLO CORP., and the manufacture, bottling, export, import, marketing, sale and distribution of Corona Beer and Corona Beer products for sale or consumption in the United States, including, but not limited to the State of New York. Such designated person(s) shall be competent to testify on all the matters relevant herein.

LAW OFFICE OF ROBERT F. DANZI
Attorney for Plaintiffs

By: _____
Robert F. Danzi
Bar Roll # RD 5447
900 Merchants Concourse, Suite 314
Westbury, New York 11590
(516) 228-4226

TO:    Cravath Swain and Moore, LLP
       Attorneys for Defendant
       GRUPO MODELO, S.A. de C.V., aka G MODELO CORPORATION
       825 Eighth Avenue
       New York, New York 10009

       Cerussi & Spring
       Attorneys for Defendants
       BARTON BRANDS, LTD., and BARTON BEERS, LTD.
       One North Lexington Avenue
       White Plains, New York 10601

       Morenus, Conway, Goren & Brandman
       Attorneys for Defendant
       CROWN IMPORTS, LLC
       58 South Service Road, Suite 350
       Melville, New York 11747

STATE OF NEW YORK  )
)  ss.:
COUNTY OF NASSAU  )

SANDRA PIMENTEL, being sworn, says:

I am not a party to the action, am over 18 years of age and resides at LAKE RONKONKOMA, NEW YORK.

On January 21, 2009 I served the within

**NOTICE OF DEPOSITION**

by depositing a true copy thereof enclosed in a post-paid wrapper,  in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth herein, as follows:

TO:

CRAVATH, SWAIN AND MOORE, LLP
Attorneys for Defendan
GRUPO MODELO, S.A. de C.V., aka G MODELO CORPORATION
825 Eighth Avenue
New York, New York 10009
(212) 474-1000

CERUSSI & SPRING
Attorneys for Defendants
CONSTELLATION SPIRITS, INC. f/k/a BARTON BRANDS, LTD. AND
BARTON BEERS, LTD.
One North Lexington Avenue
White Plains, New York 10601
(914) 948-1200

MORENUS, CONWAY, GOREN & BRANDMAN
Attorneys for Defendant
CROWN IMPORTS, LLC
58 South Service Road, Suite 350
Melville, New York 11747
(631) 845-2600

SANDRA PIMENTEL

Sworn to before me this
21st day of January, 2009

Notary Public

MARCI VELLA
Notary Public, State of New York
No. 01VE6056189
Qualified in Nassau County
Commission Expires November 18, 20__
1/18/10

CASE NO.: 08-3372
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NICHOLAS GALLELLI, an infant, by and through
his Parents and Natural Guardians, MARC
GALLELLI and LINDA GALLELLI, and MARC
GALLELLI and LINDA GALLELLI, Individually,

                                    Plaintiffs,

    - against -

CROWN IMPORTS, LLC, GRUPO MONDELO,
S.A. de C.V., aka G MODELO CORPORATION,
BARTON BRANDS, LTD., and BARTON BEETS, LTD.,

                                    Defendants.

## NOTICE OF DEPOSITION

Law Office of Robert F. Danzi
Attorney for Plaintiffs
900 Merchants Concourse, Suite 314
Westbury, New York 11590
(516) 228-4226

Exhibit D

# CERUSSI & SPRING

A PROFESSIONAL CORPORATION

ATTORNEYS

ONE NORTH LEXINGTON AVENUE

WHITE PLAINS, NEW YORK 10601-1700

TELEPHONE (914) 948-1200
FACSIMILE (914) 948-1579

February 18, 2009

Robert F. Danzi, Esq.
Law Offices Of Robert F. Danzi
900 Merchants Concourse, Suite 214
Westbury, New York  11590

Re:    Gallelli, N. v. Crown Imports, LLC, et al
       C&S Ref.:  100.7469-08

Dear Mr. Danzi:

As you are aware, this firm represents the defendants, Constellation Spirits Inc. f/k/a Barton Brands, Ltd. (hereinafter referred to as "Barton Brands") and Barton Beers, Ltd. (hereinafter referred to as "Barton Beers"), in the above-captioned matter.  We write to you at this time to address various discovery issues which have recently come to light herein.

Initially, we enclose for your review and execution by you, an original Agreed Protective Order / Confidentiality Order relating to defendants' compliance with plaintiffs' Request for Production, dated January 9, 2009.  In order for us to provide you with our responses and copies of the documents responsive thereto, it will be necessary for you to execute and return to the undersigned, the original document provided herein.  By copy of this correspondence to counsel for the co-defendants, we also ask that they execute the original of the document which has been provided to them herewith.

Secondly, with regard to your January 21, 2009 Notices of Deposition served upon defendants, Barton Brands and Barton Beers, please be advised that the Notices and the items referenced in the document for inquiry exceed the scope of the discovery permitted by the Court's December 11, 2008 Scheduling Order.  Additionally, with regard to the defendant, Barton Brands, this defendant has no involvement whatsoever with the distribution of the product at issue.  In fact, Barton Brands does not engage in the distribution of any beer but rather it is involved in the distribution of spirits and liquor. With regard to defendant, Barton Beers, we expect that this deposition will be limited to

## CERUSSI & SPRING

Robert F. Danzi, Esq.
February 18, 2009
Page 2

the matters relevant to the Court's exercise of personal jurisdiction over the co-defendant, Grupo Modelo, S.A. de C.V.

Thirdly, pursuant to Rule 30(b)(1) of the Federal Rules of the Civil Procedure, we request that the deposition of the defendant, Barton Beers, take place in the State of Illinois where the company's principal place of business is located. Under the Federal Rules, a deposition of a corporate defendant is to be taken at its principal place of business. We also request that the deposition take place on a mutually convenient date other than the March 6, 2009 date set forth in your Notice since both the undersigned and our witness are unavailable on that date.

Upon receipt of this correspondence, kindly contact the undersigned to discuss the above issues in further detail and to avoid our having to prepare and file a motion for a protective order with the Court.

Very truly yours,

THOMAS F. CERUSSI

TFC/ef

Enclosure

cc:     Gary A. Bornstein, Esq.
        Cravath, Swaine & Moore, LLP

        Brian S. Brandman, Esq.
        Morenus Conway, Goren & Brandman

        (with enclosure)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

NICHOLAS GALLELLI, an infant, by and
through his Parents and Natural Guardian,
MARC GALLELLI and LINDA GALLELLI, and
MARC GALLELLI and LINDA GALLELLI,
Individually,

                Plaintiffs,

          - against -

CROWN IMPORTS, LLC, GRUPO MODELO,
S.A. de C.V., aka G MODELO
CORPORATION, BARTON BRANDS, LTD.,
and BARTON BEERS, LTD.,

                Defendants.

------------------------------------x

Docket No.:  CV 08 3372 (LDW) (ARL)

**AGREED PROTECTIVE ORDER /
CONFIDENTIALITY ORDER**

It being represented to the Court that the plaintiffs, NICHOLAS GALLELLI,

an infant, by and through his Parents and Natural Guardian, MARC GALLELLI

and LINDA GALLELLI, and MARC GALLELLI and LINDA GALLELLI, Individually,

have requested documents and information from the defendants, CROWN

IMPORTS, LLC, GRUPO MODELO, S.A. de C.V., aka G MODELO

CORPORATION, BARTON BRANDS, LTD., and BARTON BEERS, LTD.,

(hereinafter referred to as "the Defendants") which may contain trade secrets,

proprietary materials, or other confidential material; and

    It being represented to the Court that the Defendants are willing to provide

confidential documents and information for inspection, review and production

under a Protective Order upon the hereinafter stated terms and conditions; and

It being represented to the Court that all of the parties are in agreement as to the terms of the said Protective Order, therefore,

It is hereby ORDERED that:

1.      The Defendants will disclose documents and information that they deem confidential (hereinafter "Confidential Information") only pursuant to this Protective Order.

2.      Documents containing Confidential Information will be designated as such by the placement of a "CONFIDENTIAL" mark upon each page of each document disclosed.  Deposition testimony or other non-documentary material containing Confidential Information that is disclosed will be designated in an appropriate manner so that it is apparent that such testimony or other non-documentary material is confidential.

3.      All Confidential Information shall be maintained in confidence by any person receiving it.  Any person receiving Confidential Information must not disseminate it to a person not authorized by this Protective Order to access Confidential Information.  The only persons permitted access to Confidential Information are as follows:

a.      The Court, Court personnel, and any other persons to whom the Court directs disclosure;

b.      Counsel for the parties (in-house and outside) and any support staff (e.g., secretaries, paralegals);

c.      Litigation support services retained by the parties (e.g., copy services, document production vendors, jury consultants,

mock jurors) to the extent necessary to carry out their
services;

d.    Anyone with rightful access to the Confidential Information;

e.    Witnesses, including expert witnesses, provided that they
are made aware of the terms of this protective order and
execute a written statement confirming the witness's
agreement to comply with every element of this Protective
Order;

f.    Court reporters and videographers, to the extent necessary
to perform their services; and

g.    Any other individual to whom the party disclosing the
Confidential Information allows disclosure.

4.    Confidential Information shall be used only in connection with the
above-captioned matter and shall not be used for any other purpose whatsoever.

5.    All documents submitted to the Court that contain Confidential
Information shall be filed under seal or in another manner that will prevent the
dissemination of such Confidential Information in violation of this Protective
Order.

6.    In the event that there is an inadvertent failure of a Defendant to
designate Confidential Information as such, this shall not prevent that Defendant
from later designating such document or information as Confidential Information.
The Defendant is permitted to correct the inadvertent failure to designate by
giving appropriate written notice to all parties that such document or information

3

is Confidential Information and by making the appropriate designation pursuant to Paragraph 2 of this Protective Order. From the time notice is received, the inadvertently undesignated Confidential Information will be treated as if it had been designated as such when initially disclosed.

7.     In the event that any Confidential Information is inadvertently disclosed to any person in violation of this Protective Order, the party responsible for the inadvertent disclosure shall use reasonable efforts to bind such person to the terms of this Protective Order and shall promptly notify all parties of the inadvertent disclosure.

8.     The parties shall confer in good faith to determine a method for introducing Confidential Information at trial or in any other proceedings or circumstances not addressed by this Protective Order. In the absence of an agreement, the terms of this Protective Order shall govern.

9.     In the event that a Defendant inadvertently discloses documents or information subject to a claim of attorney-client privilege or work-product immunity, such disclosure shall not be deemed a waiver of immunity or privilege. Upon a request made by the party inadvertently disclosing the material subject to a claim of immunity or privilege, the person who received the inadvertently disclosed information shall return it to the requesting party, along with all copies.

10.     Unless the parties agree otherwise in writing, within sixty calendar days of the final disposition of the above-captioned matter, counsel for the parties and expert witnesses shall return all Confidential Information to the party which disclosed it or certify in writing that such Confidential Information has been

4

destroyed.  Notwithstanding the foregoing, counsel (in-house and outside) for the parties shall be permitted to retain one copy of all Confidential Information and all attorney-work product and other litigation materials (e.g., deposition transcripts, correspondence, expert reports, documents filed with the Court) that contain or refer to Confidential Information.

12.     Notwithstanding the foregoing provisions, this Protective Order shall not prejudice to the right of any party to challenge the admissibility or relevance of the documents or information disclosed hereby.

13.     A breach of the terms of this Protective Order shall entitle the Defendants to appropriate sanctions.

Signed this the _____ day of February, 2009.

SO-ORDERED:

_____
Hon. Leonard d. Wexler

**STIPULATED AND AGREED TO:**

By: _____        By: _____
Thomas F. Cerussi (8676)                        Robert F. Danzi, Esq. (    )
A Member of the Firm of                         LAW OFFICES OF ROBERT F.
CERUSSI & SPRING                                DANZI
Attorneys for Defendants                        Attorneys for Plaintiffs
CONSTELLATION SPIRITS INC. f/k/a                900 Merchants Concourse, Suite
BARTON BRANDS, LTD., and BARTON                 214
BEERS, LTD.                                     Westbury, New York  11590
One North Lexington Avenue                      Tel. No.  (516) 228-4226
White Plains, New York 10601-1700
Tel. No.  (914) 948-1200

5

By: _____

    Gary A. Bornstein, Esq. (   )
    Cravath, Swaine & Moore, LLP
    Attorneys for Defendant
    "Grupo Modelo S.A. de C.V. a/k/a G.
    Modelo Corp."
    Worldwide Plaza
    Tel. No. (631) 845-2600
    825 Eighth Avenue
    New York, New York  10019-7475
    Tel. No. (212) 474-1000

By: _____

    Brian S. Brandman, Esq. (   )
    Morenus, Conway, Goren &
    Brandman
    Attorneys for Defendant
    Crown Imports, LLC
    58 South Service Road, Suite 350
    Melville, New York  11747
    Tel. No. (631) 845-2600

Exhibit E

# THE LAW OFFICE OF



### ROBERT F. DANZI

900 MERCHANTS CONCOURSE SUITE 214, WESTBURY, NEW YORK 11590

ROBERT F. DANZI

OF COUNSEL:
JOAN FERRETTI
ADMITTED IN DC & FL

MARK L. LIEBERMAN
ADMITTED IN NY & FL

February 25, 2009

## VIA FACSIMILE ONLY

Cerussi & Spring
One North Lexington Avenue
White Plains, New York 10601

Attn.: Thomas F. Cerussi, Esq.

Re:   *Gallelli v. Crown Imports, LLC, et al.*

Dear Tom:

This letter is to confirm our telephone conversation this morning concerning discovery issues in the above noted matter.

We will not consent to the Agreed Protective Order/Confidentiality Order that accompanied your letter of February 18, 2009. However, in the interest of moving this case forward, and having your client provide documents responsive to our discovery demands of January 9, 2009, we hereby agree that all documents you send us in response to the January 9, 2009 demands will not be distributed to non parties, other than experts, and will only be used in the context of this case. It is our understanding that you have documents in your possession responsive to plaintiffs' request that you will send to us early next week. Neither party is waiving any right to seek an order of the Court with respect to any documents provided.

On the issue of the depositions, please be advised that we view your client's refusal to appear in the Eastern District of New York, as noticed in plaintiff's Notice of Deposition dated January 21, 2009 to be unwarranted and not supported by the Federal Rules of Civil Procedure.

TELEPHONE: (516)228-4226                    FACSIMILE: (516)228-6569                    E-MAIL: OFFICE@DANZILAW.COM



ROBERT F.
DANZI

As noted in our telephone conversation, discovery at this time is limited to the issue of personal jurisdiction of the Court over co-defendant Grupo Modelo, S.A. de C.V. If employees or officers of Barton Beers, Ltd., but not Barton Brands, have knowledge of business dealings with Grupo Modelo and/ or G Modelo Corporation, we will accept that representation for purposes of which defendant to depose, and will consider your producing an individual with knowledge from Barton Beers as compliance with our Notice of Deposition, while reserving our rights with respect to Barton Brands. However, absent your agreement to produce defendant Barton's deponent in the Eastern District, we will seek an order compelling the deponent's appearance in the Eastern District of New York.

In light of our need to obtain judicial intervention we will also be requesting a modification of the Scheduling Order.

Sincerely,

Robert M. Lustberg

Of counsel to Robert Danzi

cc:   Gary A. Bornstein, Esq. (Cravath Swain and Moore, LLP) (via facsimile only)

Brian S. Brandman, Esq. (Morenus, Conway, Goren & Brandman) (via facsimile only)

Exhibit F

# THE LAW OFFICE OF



### ROBERT F. DANZI

900 MERCHANTS CONCOURSE SUITE 214 WESTBURY, NEW YORK 11590

ROBERT F. DANZI

OF COUNSEL:
JOAN FERRETTI
ADMITTED IN D.C & FL
MARK L. LIEBERMAN
ADMITTED IN NY & FL

February 26, 2009

Cerussi & Spring
One North Lexington Avenue
White Plains, New York 10601

Attn.: Thomas F. Cerussi, Esq.

Re:    *Gallelli v. Crown Imports, LLC, et al.*

Dear Tom:

This letter is a follow up to our conversation earlier today concerning your proposed protective order/confidentiality agreement.

As promised, I reviewed the protective order with an eye toward modifying it in accord with our position, as stated in our letter to you dated February 25, 2009. Modification is not possible.

We agreed to protect your client's documents if you identify them to contain proprietary or trade secrets in need of protection. The quid pro quo for our agreement is your representation that your client is producing all responsive documents. There is no such quid pro quo with respect to the other defendants, one of whom produced patently deficient and inadequate documents and the other who produced nothing and does not even return phone calls. We will not enter into an agreement with your client, such as the one proposed, that protects the other defendants' documents when they are not in compliance with their obligations under FRCP.

The statement in my letter of February 25, 2009 still stands concerning our agreement not to distribute to third parties, not connected with this case, documents you produce and identify as in need of protection provided they are furnished to us no later than next week.

Very Truly Yours,

Robert Lustberg