# CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: (212) 474-1000
FACSIMILE: (212) 474-3700

———

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: 44-20-7453-1000
FACSIMILE: 44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1084

March 9, 2009

Gallelli v. Crown Imports LLC, No. 08-cv-3372

Dear Magistrate Judge Lindsay:

On behalf of defendant Grupo Modelo, S.A.B. de C.V. (incorrectly named in the complaint as "Grupo Modelo, S.A. de C.V. aka G Modelo Corporation"), I submit this letter in opposition to Plaintiffs' letter motion dated March 4, 2009, in which Plaintiffs seek to (1) compel further document discovery from Grupo Modelo, S.A.B. de C.V.; (2) require that the Rule 30(b)(6) deposition of Grupo Modelo, S.A.B. de C.V. be conducted at the federal courthouse in Central Islip; and (3) obtain an extension of the March 13, 2009, deadline for jurisdictional discovery. Plaintiffs' requests should be denied in their entirety.

Grupo Modelo, S.A.B. de C.V. is a Mexican corporation that has contested the exercise of personal jurisdiction. Grupo Modelo, S.A.B. de C.V. intends to move to dismiss the complaint on that ground, but Judge Wexler has granted Plaintiffs pre-motion discovery, limited to the issue of jurisdiction. As I have repeatedly told Plaintiffs' counsel by phone, by correspondence, and in person before Judge Wexler, Grupo Modelo S.A.B. de C.V. is a Mexican holding company that does nothing other than own stock. Grupo Modelo, S.A.B. de C.V. does not conduct any other business anywhere in the world and does not conduct business in the State of New York at all. Plaintiffs' arguments to the contrary are both factually and legally misguided, as well as a premature effort to litigate the underlying jurisdictional question.

Despite Plaintiffs' repeated assertions, neither GModelo Corporation (incorrectly identified by Plaintiffs as "G Modelo Corporation") nor Compañía Cervecera de Zacetecas, S.A. de C.V. (incorrectly identified by Plaintiffs as "Compania de Zacatecas, S.A. de C.V.") is a "wholly owned subsidiary" of the defendant in this case—Grupo Modelo, S.A.B. de C.V. Plaintiffs make these incorrect claims without a shred of evidence of the ownership of the companies. Nor have Plaintiffs made any showing that either company is a mere "alter ego" of Grupo Modelo, S.A.B. de C.V. Instead, each company is a separate corporate entity from Grupo

Modelo, S.A.B. de C.V. with a different shareholder base and different economic interests from the named defendant.

The materials Plaintiffs have attached to their letter in no way prove that Grupo Modelo, S.A.B. de C.V. is more than a holding company. Both the website excerpts and the Barton Beers, Ltd. press release refer generally to "Grupo Modelo" rather than to Grupo Modelo, S.A.B. de C.V. Indeed, Plaintiffs themselves acknowledged in the letter attached as Exhibit F to their motion that the entity referred to in the press release as Barton's joint venture partner is GModelo Corporation, not defendant Grupo Modelo, S.A.B. de C.V. The only other document Plaintiffs rely on is a 10 year-old third-party publication with no connection to Grupo Modelo, S.A.B. de C.V. whatsoever. Ultimately, if Plaintiffs wish to argue that Grupo Modelo, S.A.B. de C.V. is more than a mere holding company, they may do so in opposition to the motion to dismiss. At this point, however, Plaintiffs are improperly attempting to use their misunderstanding of Grupo Modelo S.A.B. de C.V.'s activities and relationships to expand the scope of permissible discovery.

As a result, Plaintiffs motion to compel further document production from Grupo Modelo, S.A.B. de C.V. is without merit. First, contrary to Plaintiffs' suggestion, Grupo Modelo, S.A.B. de C.V. timely responded to Plaintiffs' document requests. We served our responses and objections within 30 days of service and completed all but a few pages of document production promptly thereafter. Second, Grupo Modelo, S.A.B. de C.V. agreed to produce documents (or to provide the requested information) in response to Requests 1, 2, 3, 9, 10, 16, 17, 18, and 19. In many instances, however, there were no documents or data to provide because of Grupo Modelo, S.A.B. de C.V.'s status as a holding company without U.S. activities. The same is true of Request 5—as I advised Plaintiffs' counsel there are no contracts or agreements between Grupo Modelo, S.A.B. de C.V. and any other defendant in this case. Third, Grupo Modelo, S.A.B. de C.V.'s objections to the remaining Requests were proper. These Requests are facially overbroad and seek information well beyond the bounds of jurisdictional discovery:

- Request 6 seeks "[a]ll joint venture agreements" among defendants regardless of subject matter and regardless of whether Grupo Modelo, S.A.B. de C.V. is a party.

- Request 7 seeks "[a]ll filings with the SEC by any defendant", which, besides extending beyond jurisdictional issues, are documents equally available to Plaintiffs.

- Request 8 seeks "[a]ll correspondence" among defendants regardless of subject matter and regardless of whether Grupo Modelo, S.A.B. de C.V. was involved.

- Requests 11 and 12 seek "[a]ll" contracts and agreements among defendants related to indemnity and product liability, which are completely irrelevant to jurisdiction.

- Requests 13, 14, and 15 seek "[a]ll writings of any nature [without limitation] involving defendants" and Diblo, S.A. de C.V., Anheuser-Busch Companies, Inc., and Grupo Modelo, S.A.B de C.V.

Complying with Request 15 alone would require Grupo Modelo, S.A.B. de C.V. to produce any and all "writings" concerning itself. This is a plainly improper request in any context, let alone the limited discovery permitted here.

Counsel for Grupo Modelo, S.A.B. de C.V. offered on more than one occasion to work with counsel for Plaintiffs to refine their overbroad requests. (See Ex. G to Plaintiffs' motion.) Rather than identify the specific documents or materials that Plaintiffs wanted, Plaintiffs have instead chosen to come to the Court. Plaintiffs have also chosen not to make use of the other discovery devices available to them, such as interrogatories or requests for admission, which would have cleared up many of the misconceptions about Grupo Modelo, S.A.B. de C.V. that Plaintiffs appear to hold.

Plaintiffs have also failed to make use of a discovery device they have chosen to employ, a deposition of Grupo Modelo, S.A.B. de C.V. pursuant to Rule 30(b)(6). Grupo Modelo, S.A.B. de C.V. remains ready and willing to provide a representative for deposition on a mutually agreeable date at Grupo Modelo, S.A.B. de C.V.'s headquarters in Mexico City. Plaintiffs have chosen not to take this deposition in favor of requesting this Court to order that the deposition be held in Central Islip. However, there is a "general presumption in favor of conducting depositions of a corporation in its principal place of business". *Buzzeo v. Bd. of Educ.*, 178 F.R.D. 390, 392 (E.D.N.Y. 1998). Plaintiffs have put forth no reason why this presumption should not apply here. Defendant Grupo Modelo, S.A.B. de C.V., which is a foreign company contesting *personal jurisdiction*, should not be made to travel here just because Plaintiffs have chosen (improperly) to name the company in this suit. *See, e.g., Petroleum Fin'l Corp. v. Stone*, 111 F. Supp. 351, 353-54 (S.D.N.Y. 1953) (declining to compel parties resident in Texas to be deposed in New York simply "to determine whether this court in fact has jurisdiction over them").

Plaintiffs have failed to make good use of the more than three months of personal jurisdiction discovery that this Court provided in its December 11, 2008, Scheduling Order. Plaintiffs waited a full month after that Order even to serve discovery requests. Plaintiffs failed to work with Grupo Modelo, S.A.B. de C.V. to refine their overbroad requests. Plaintiffs refused to employ other, more effective discovery devices. And Plaintiffs improperly refused to take the deposition they noticed. Plaintiffs have demonstrated no "exigent" circumstances not of their own making that would justify an extension of jurisdictional discovery.

Respectfully,

*/s/ Gary A. Bornstein*

Gary A. Bornstein

The Honorable Arlene R. Lindsay
    United States Magistrate Judge
        United States District Court for the Eastern District of New York
            944 Federal Plaza
                Central Islip, NY 11722

BY CM/ECF AND FEDERAL EXPRESS

Copies to:

Robert F. Danzi, Esq.
   Law Office of Robert F. Danzi
      900 Merchants Concourse, Suite 214
         Westbury, NY 11590

Thomas F. Cerussi, Esq.
   Cerussi & Spring
      One North Lexington Avenue
         White Plains, NY 10601

BY CM/ECF AND FEDERAL EXPRESS

Brian S. Brandman, Esq.
   Morenus, Conway, Goren & Brandman
      58 South Service Road, Suite 350
         Melville, NY 11747

BY FEDERAL EXPRESS