# THE LAW OFFICE OF



# ROBERT F. DANZI

900 MERCHANTS CONCOURSE   SUITE 314   WESTBURY, NEW YORK 11590

ROBERT F. DANZI

CHRISTINE COSCIA

April 9, 2009

OF COUNSEL:

JOAN FERRETTI
ADMITTED IN NY & DC

MARK L. LIEBERMAN
ADMITTED IN NY & FL

**VIA FACSIMILE ONLY**

Hon. Arlene R. Lindsay
United States Magistrate Judge
United States District Court for the Eastern District of New York
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, New York 11772

      Re: *Gallelli v. Crown Imports, LLC, et al.*
        Docket No.: 08-CV-3372

Dear Magistrate Lindsay:

  This firm represents plaintiffs in the above noted matter.

  As per the Court's direction, the parties worked to draft a protective order acceptable to all parties. There are two issues upon which agreement has not been reached, and for which judicial resolution is needed.

  Attached is a copy of the latest draft protective order. The two items in need of judicial resolution are highlighted in paragraphs 4 (d) and 10.

  As per the Court's direction, defendants are to provide plaintiffs paper documentation by April 14, 2009, but will not provide confidential information absent the signed protective order.

  The jurisdictional deposition of Grupo Modelo is scheduled for April 16, 2009, and the confidential documents are necessary for that deposition.

  As you can see, time is of the essence in getting this matter resolved, and, if possible, we would like to have a short conference call between the Court and the parties this afternoon to allow each party to explain its position to the Court. Hopefully, the Court will be able to rule forthwith in order that the scheduled deposition may go forward.

            Respectfully Submitted,

            Robert Lustberg

Enc.
cc. All counsel

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | DRAFT VERSION 6 |

-----------------------------------x

NICHOLAS GALLELLI, an infant, by and through his Parents and Natural Guardian, MARC GALLELLI and LINDA GALLELLI, and MARC GALLELLI and LINDA GALLELLI, Individually,

                 Plaintiffs,

          - against -

CROWN IMPORTS, LLC, GRUPO MODELO, S.A. de C.V., aka G MODELO CORPORATION, BARTON BRANDS, LTD., and BARTON BEERS, LTD.,

                 Defendants.

-----------------------------------x

Docket No.: CV 08 3372 (LDW) (ARL)

**AGREED PROTECTIVE ORDER / CONFIDENTIALITY ORDER**

### ***[ITEMS UNDER DISCUSSION BRACKETED IN BOLD, ITALICS]***

It being represented to the Court that the plaintiffs, NICHOLAS GALLELLI, an infant, by and through his Parents and Natural Guardian, MARC GALLELLI and LINDA GALLELLI, and MARC GALLELLI and LINDA GALLELLI, Individually, have requested documents and information from CROWN IMPORTS, LLC, GRUPO MODELO, S.A.B. de C.V. (named in the complaint as "Grupo Modelo, S.A. de C.V., aka G Modelo Corporation"), BARTON BRANDS, LTD., and BARTON BEERS, LTD., (hereinafter referred to as "the Defendants") which may contain trade secrets, proprietary materials, or other confidential material; and

      It being represented to the Court that the Defendants are willing to provide confidential documents and information for inspection, review and

production under a Protective Order upon the hereinafter stated terms and conditions; and

It being represented to the Court that all of the parties are in agreement as to the terms of the said Protective Order, therefore,

It is hereby ORDERED that:

1. The Defendants will disclose documents and information that they deem confidential (hereinafter "Confidential Information") only pursuant to this Protective Order.

2. Documents containing Confidential Information will be designated as such by the placement of a "CONFIDENTIAL" mark upon each page of each such document disclosed. Portions of deposition testimony or other non-documentary material containing a party's Confidential Information may be designated as such in an appropriate manner so that it is apparent that such specific testimony or other non-documentary material is confidential.

3. In the event that a party wishes to challenge whether a document or information designated as Confidential Information is confidential, the parties shall promptly confer in good faith to resolve the issue. If the parties are unable to resolve the issue, any party may petition the Court for a resolution. The party from whom disclosure of information designated as Confidential Information is sought shall bear the burden before the Court of showing good cause for the protection of such information as Confidential Information. Until the Court has resolved the issue, the document or information shall be produced or disclosed

2

and the parties shall continue to treat the document or information as Confidential Information.

4. All Confidential Information shall be maintained in confidence by any person receiving it. Any person receiving Confidential Information must not disseminate it to a person not authorized by this Protective Order to receive Confidential Information. The only persons that can be shown or otherwise receive, either orally or in writing, Confidential Information are as follows:

    a. The Court, Court personnel, and any other persons to whom the Court directs disclosure;

    b. The members of the jury, including any alternates;

    c. Counsel for the parties (in-house and outside) and any support staff (e.g., secretaries, paralegals);

    d. ***[Marc Gallelli and Linda Gallelli, plaintiffs in this action]***

    e. Litigation support services retained by the parties (e.g., copy services, document production vendors, jury consultants, mock jurors) to the extent necessary to carry out their services;

    f. Anyone with rightful access to the Confidential Information;

    g. Witnesses, including expert witnesses and their support staff, provided that they are made aware of the terms of this protective order and execute a written statement confirming the witness's agreement to comply with every element of this Protective Order;

3

        h.    Court reporters and videographers, to the extent necessary to perform their services; and

        i.    Any other individual to whom the party disclosing the Confidential Information allows disclosure.

5.    Confidential Information shall be used only in connection with this litigation, including any appeals, and shall not be used for any other purpose whatsoever.

6.    All documents submitted to the Court that contain Confidential Information shall be filed under seal or in another manner that will prevent the dissemination of such Confidential Information in violation of this Protective Order. No documents that contain Confidential Information shall be filed through the Court's CM/ECF system.

7.    In the event that there is an inadvertent failure of a Defendant to designate Confidential Information as such, this shall not prevent that Defendant from later designating such document or information as Confidential Information. The Defendant is permitted to correct an inadvertent failure to designate by giving appropriate written notice to all parties that such document or information is Confidential Information and by making the appropriate designation pursuant to Paragraph 2 of this Protective Order. From the time notice is received, the inadvertently undesignated Confidential Information will be treated as if it had been designated as such when initially disclosed. The provisions of Paragraph 3 regarding challenges to designations of documents or information as Confidential

4

Information shall apply to any Confidential Information designated pursuant to this Paragraph.

8. In the event that any Confidential Information is inadvertently disclosed to any person in violation of this Protective Order, the party responsible for the inadvertent disclosure shall use reasonable efforts to bind such person to the terms of this Protective Order and shall promptly notify all parties of the inadvertent disclosure.

9. The parties shall confer in good faith to determine a method to be used during trial or other proceedings in open court for preventing the disclosure of Confidential Information to persons not identified in Paragraph 4. Nothing in this agreement shall prejudice the right of a party to use Confidential Information in this litigation, including, but not limited to, as evidence at trial, at depositions, in written submissions to the Court, and on appeal, subject to the rules of evidence and applicable law.

10. Unless the parties agree otherwise in writing, within sixty calendar days of the final disposition of the above-captioned matter, counsel for the parties and expert witnesses shall return all Confidential Information to the party which disclosed it or certify in writing that such Confidential Information has been destroyed. Notwithstanding the foregoing, counsel (in-house and outside) for the parties shall be permitted to retain one copy of all ***[confidential information and may retain all]*** attorney-work product and other litigation materials (e.g., deposition transcripts, correspondence, expert reports, documents filed with the Court) that contain or refer to Confidential Information.

11. Notwithstanding the foregoing provisions, this Protective Order shall not prejudice to the right of any party to challenge the admissibility or relevance of the documents or information disclosed hereby.

Signed this the _____ day of April 2009.

SO-ORDERED:

_____
Hon.

**STIPULATED AND AGREED TO:**

By: _____
Thomas F. Cerussi (8676)
A Member of the Firm of
CERUSSI & SPRING
Attorneys for Defendants
CONSTELLATION SPIRITS INC. f/k/a
BARTON BRANDS, LTD., and BARTON
BEERS, LTD.
One North Lexington Avenue
White Plains, New York 10601-1700
Tel. No. (914) 948-1200

By: _____
Robert F. Danzi, Esq. (    )
LAW OFFICES OF ROBERT F.
DANZI
Attorneys for Plaintiffs
900 Merchants Concourse, Suite 214
Westbury, New York 11590
Tel. No. (516) 228-4226

By: _____
Gary A. Bornstein, Esq.
Cravath, Swaine & Moore, LLP
Attorneys for Defendant
"Grupo Modelo S.A. de C.V. aka G. Modelo Corp."
Worldwide Plaza
Tel. No. (631) 845-2600
825 Eighth Avenue
New York, New York 10019-7475
Tel. No. (212) 474-1000

By: _____
Brian S. Brandman, Esq.
Morenus, Conway, Goren & Brandman
Attorneys for Defendant
Crown Imports, LLC
58 South Service Road, Suite 350
Melville, New York 11747
Tel. No. (631) 845-2600