UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
NICHOLAS GALLELLI, an infant, by and through          Docket No.:  08-CV-03372
his Parents and Natural Guardians, MARC GALLELLI      (LDW) (ARL)
and LINDA GALLELLI, and MARC GALLELLI
and LINDA GALLELLI, Individually,

                               Plaintiffs,          RULE 14(a)(3) CLAIM
                                                   AGAINST
       - against -          EXTRADE II S.A. DE C.V.
                                                     AND DEMAND FOR
CROWN IMPORTS, LLC, GRUPO MODELO, S.A.          JURY TRIAL
de C.V., aka G MODELO CORPORATION,
BARTON BRANDS, LTD., and BARTON BEERS,
LTD., and EXTRADE II, S.A. DE C.V.,

                              Defendants.
-------------------------------------------------------------------------X
CONSTELLATION SPIRITS INC. f/k/a
BARTON BRANDS, LTD. and BARTON
BEERS, LTD.,
                      Third-Party Plaintiffs,

       -   against –

EXTRADE II, S.A. DE C.V.,

                      Third-Party Defendant.
-------------------------------------------------------------------------X

Plaintiffs, complaining of third-party defendant/defendant EXTRADE II S.A. DE C.V.,

by and through their attorneys, the Law Office of Robert F. Danzi, allege as and for their RULE

14(a)(3) Claim, as follows:

<u>Procedural History Subsequent to filing of Complaint</u>

     1.     By Order dated March 20, 2010, this Court (Wexler, J.) granted the motion of

defendant Grupo Modelo S.A.B. de C.V. aka GModelo Corp. to dismiss the Complaint as against

it for lack of personal jurisdiction.

2.     By Order dated April 19, 2010, this Court (Wexler J.) granted the motion of defendants BARTON BRANDS LTD. and BARTON BEERS, LTD., now doing business as CONSTELLATION SPIRITS for leave to bring a third-party claim against EXTRADE II, S.A. DE C.V.

3.     On or about April 20, 2010, upon information and belief, the Third-Party Summons and Complaint of defendants BARTON BRANDS LTD. and BARTON BEERS, LTD., now doing business as CONSTELLATION SPIRITS was filed and served upon EXTRADE II, S.A. DE C.V.

4.     Pursuant to Fed. R. Civ. Proc. 14(a)(3), Plaintiffs herein assert against EXTRADE II, S.A. DE C.V., claims arising out of the transactions and occurrence that is the subject matter of plaintiffs' claims against the defendants/third party plaintiffs as more fully set forth below.

## JURISDICTION

5.     This Court has jurisdiction over this matter pursuant to 28 USC 1332(a) and (c) because it is between citizens of different states, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

## PARTIES AND VENUE

6.     Plaintiff NICHOLAS GALLELLI, an infant born in 2006, is an individual who resides at 35 Babylon Street, Town of Islip Terrace, County of Suffolk, State of New York ("the infant plaintiff" or NICHOLAS GALLELLI) within the Eastern District of New York.

7.     Plaintiffs MARC GALLELLI and LINDA GALLELLI, who reside at the same address, are individuals over the age of eighteen years and the parents and natural guardians of the infant plaintiff.

Third-Party Defendant/Defendant EXTRADE II DE C.V.

8.      Upon information and belief, based upon the Third-Party Complaint, at all times hereinafter mentioned, the defendant/third-party plaintiff, BARTON BRANDS, LTD., now doing business as CONSTELLATION SPIRITS was and still is a corporation authorized and existing under the laws of the State of Delaware and has a principal place of business in the City of Chicago, State of Illinois.

9.      Upon information and belief, based upon the Third-Party Complaint, at all times hereinafter mentioned the defendant/third-party plaintiff, BARTON BEERS, LTD., was a corporation authorized and existing under the laws of the State of Maryland and had a principal place of business in the City of Chicago, State of Illinois.

10.     Upon information and belief, defendant/third party plaintiff CROWN IMPORTS, LLC., and, a joint venture, is, and at all times relevant, was a corporation incorporated in the State of Delaware, having its principal place of business in or around the City of Chicago, State of Illinois.

11.     Upon information and belief, at all times hereinafter mentioned, the third-party defendant, EXTRADE II S.A. DE C.V. (hereinafter referred to as "EXTRADE II") was and is a sociedad anonima de capital variable organized under the laws of the Country of Mexico located at Lago Alberto No. 156, Col. Anahuac, 11320 Mexico D.F.

12.     Upon information and belief, at all times hereinafter mentioned, the third-party defendant, EXTRADE II, was and/or still is the supplier of Modelo beer products, including Corona Extra beer, brewed and bottled by members of the Grupo Modelo Family of companies in the Country of Mexico to be imported and/or sold in the United States. As set forth more particularly below, the defective product which is the subject of this action, a bottle of Corona

3

Extra (bearing markings "GJ27CO88 17:57") (hereinafter "the Subject Bottle" or "the Bottle")
which injured the infant plaintiff, was a Modelo beer product which was supplied to defendants
CROWN IMPORTS, LLC and BARTON BRANDS LTD. and BARTON BEERS LTD., now
doing business as CONSTELLATION SPIRITS by third-party defendant, EXTRADE II.

13.     Upon information and belief, at all times hereinafter mentioned, the third-party
defendant, EXTRADE II, was and/or still is the supplier of Modelo beer products, including
Corona Extra beer, from the Country of Mexico to be imported and/or sold in the United States,
and specifically, in the State of New Jersey.

14.     Upon information and belief, at all times hereinafter mentioned, the third-party
defendant, EXTRADE II, was and/or still is the supplier of Modelo beer products, including
Corona Extra beer, from the Country of Mexico to be imported and/or sold in the United States,
and specifically, in the State of New York.

15.     Upon information and belief, at all times hereinafter mentioned, the third-party
defendant, EXTRADE II, was the exporter of Modelo beer products, including Corona Extra
beer, from the Country of Mexico to be imported and/or sold in the United States.

16.     Upon information and belief, at all times hereinafter mentioned, the third-party
defendant, EXTRADE II, was the exporter of Modelo beer products, including Corona Extra
beer, from the Country of Mexico to be imported and/or sold in the United States, and
specifically, in the State of New Jersey.

17.     Upon information and belief, at all times hereinafter mentioned, the third-party
defendant, EXTRADE II, was the exporter of Modelo beer products, including Corona Extra
beer, from the Country of Mexico to be imported and/or sold in the United States, and
specifically, in the State of New York.

4

18. Upon information and belief, at all times hereinafter mentioned, the third-party defendant, EXTRADE II, conducted and/or still conducts business in the United States and derives substantial revenue therefrom.

19. Upon information and belief, at all times hereinafter mentioned, the third-party defendant, EXTRADE II, conducted and/or still conducts business in the United States, and specifically, in the State of New Jersey, and derives substantial revenue therefrom.

20. Upon information and belief, at all times hereinafter mentioned, the third-party defendant, EXTRADE II, conducted and/or still conducts business in the United States, and specifically, in the State of New York, and derives substantial revenue therefrom.

21. Upon information and belief, at all times hereinafter mentioned, the third-party defendant, EXTRADE II, did and/or still does solicit business in the United States.

22. Upon information and belief, at all times hereinafter mentioned, the third-party defendant, EXTRADE II, did and/or still does solicit business in the United States, and specifically, in the State of New Jersey.

23. Upon information and belief, at all times hereinafter mentioned, the third-party defendant, EXTRADE II, did and/or still does solicit business in the United States, and specifically, in the State of New York.

24. Upon information and belief, at all times hereinafter mentioned, the third-party defendant, EXTRADE II, did and/or still does derive substantial revenue from its supplying of Modelo beer products, including Corona Extra beer, from the Country of Mexico to be imported and/or sold in the United States.

25. Upon information and belief, at all times hereinafter mentioned, the third-party defendant, EXTRADE II, did and/or still does derive substantial revenue from its supplying of

Modelo beer products, including Corona Extra beer, from the Country of Mexico to be imported and/or sold in the United States, and specifically, in the State of New Jersey.

26.     Upon information and belief, at all times hereinafter mentioned, the third-party defendant, EXTRADE II, did and/or still does derive substantial revenue from its supplying of Modelo beer products, including Corona Extra beer, from the Country of Mexico to be imported and/or sold in the United States, and specifically, in the State of New York.

27.     Upon information and belief, at all times hereinafter mentioned, the third-party defendant, EXTRADE II, did and/or still does derive substantial revenue from its exportation of Modelo beer products, including Corona Extra beer, from the Country of Mexico to be imported and/or sold in the United States.

28.     Upon information and belief, at all times hereinafter mentioned, the third-party defendant, EXTRADE II, did and/or still does derive substantial revenue from its exportation of Modelo beer products, including Corona Extra beer, from the Country of Mexico to be imported and/or sold in the United States, and specifically, in the State of New Jersey.

29.     Upon information and belief, at all times hereinafter mentioned, the third-party defendant, EXTRADE II, did and/or still does derive substantial revenue from its exportation of Modelo beer products, including Corona Extra beer, from the Country of Mexico to be imported and/or sold in the United States, and specifically, in the State of New York.

30.     Upon information and belief, at all times hereinafter mentioned, the third-party defendant, EXTRADE II's conduct in its supplying of Modelo beer products, including Corona Extra beer, from the Country of Mexico to be imported and/or sold in the United States, subjects it to consequences within the United States.

31.      Upon information and belief, at all times hereinafter mentioned, the third-party defendant, EXTRADE II's conduct in its supplying of Modelo beer products, including Corona Extra beer, from the Country of Mexico to be imported and/or sold in the United States, subjects it to consequences within the United States, and specifically, in the State of New Jersey.

32.      Upon information and belief, at all times hereinafter mentioned, the third-party defendant, EXTRADE II's conduct in its supplying of Modelo beer products, including Corona Extra beer, from the Country of Mexico to be imported and/or sold in the United States, subjects it to consequences within the United States, and specifically, in the State of New York.

33.      Upon information and belief, at all times hereinafter mentioned, the third-party defendant, EXTRADE II's conduct in its exportation of Modelo beer products, including Corona Extra beer, from the Country of Mexico to be imported and/or sold in the United States, subjects it to consequences within the United States.

34.      Upon information and belief, at all times hereinafter mentioned, the third-party defendant, EXTRADE II's conduct in its exportation of Modelo beer products, including Corona Extra beer, from the Country of Mexico to be imported and/or sold in the United States, subjects it to consequences within the United States, and specifically, in the State of New Jersey.

35.      Upon information and belief, at all times hereinafter mentioned, the third-party defendant, EXTRADE II's conduct in its exportation of Modelo beer products, including Corona Extra beer, from the Country of Mexico to be imported and/or sold in the United States, subjects it to consequences within the United States, and specifically, in the State of New York.

36.      Upon information and belief, at all times hereinafter mentioned, the third-party defendant, EXTRADE II, committed tortious acts within the Country of Mexico which brought about injury and/or consequences in the United States.

37.     Upon information and belief, at all times hereinafter mentioned, the third-party defendant, EXTRADE II, committed tortious acts within the Country of Mexico which brought about injury and/or consequences in the United States, and specifically, in the State of New Jersey.

38.     Upon information and belief, at all times hereinafter mentioned, the third-party defendant, EXTRADE II, committed tortious acts within the Country of Mexico which brought about injury and/or consequences in the United States, and specifically, in the State of New York.

## AS TO THE PROCEDURAL HISTORY, JURISDICTION AND NATURE OF THE ACTION VIS-A-VIS THE THIRD PARTY ACTION AGAINST EXTRADE II

39.     The plaintiffs, NICHOLAS GALLELLI, an infant, by and through his Parents and Natural Guardians, MARC GALLELLI and LINDA GALLELLI, and MARC GALLELLI and LINDA GALLELLI, Individually (hereinafter referred to as "plaintiffs"), commenced the underlying main action in this Court by service of a Complaint and Demand for Jury Trial on or about August 14, 2008.  The Complaint contains causes of action sounding in negligence, *res ipsa loquitur*, strict product liability (defective manufacturing and/or bottling of the Subject Bottle) and breach of warranty.

40.     On or about September 17, 2008, the defendants/third-party plaintiffs filed an Answer to the Complaint.

41.     This Court granted permission and leave to the defendants/third-party plaintiffs pursuant to Fed. R. Civ. Proc. 14(a) to assert a third-party claim against EXTRADE II by Order of the Hon. Leonard D. Wexler dated April 19, 2010.

42.     Pursuant to Fed. R. Civ. Proc. 14(a)(3), plaintiffs now assert their claims against EXTRADE II as a matter of right.

## AS TO THE IMPORTER AGREEMENT BETWEEN DEFENDANT/THIRD PARTY DEFENDANT EXTRADE II AND DEFENDANTS CROWN IMPORTS, LLC

43.     Upon information and belief, prior to July 4, 2007, and specifically, on or about January 2, 2007, third-party defendant, EXTRADE II, entered into a written Importer Agreement (hereinafter referred to as the "Agreement") with defendant, CROWN IMPORTS, LLC (hereinafter referred to as "CROWN") wherein EXTRADE II agreed to supply and/or export to CROWN, the exclusive right to sell Modelo beer products, including Corona Extra beer, within the fifty (50) states of the United States.

44.     Upon information and belief, prior to July 4, 2007, and specifically, on or about January 2, 2007, third-party defendant, EXTRADE II, entered into Agreement with defendant, CROWN wherein EXTRADE II agreed to supply and/or export to CROWN, the exclusive right to sell Modelo beer products, including Corona Extra beer, within the fifty (50) states of the United States, and specifically, within the State of New Jersey.

45.     Upon information and belief, prior to July 4, 2007, and specifically, on or about January 2, 2007, third-party defendant, EXTRADE II, entered into Agreement with defendant, CROWN wherein EXTRADE II agreed to supply and/or export to CROWN, the exclusive right to sell Modelo beer products, including Corona Extra beer, within the fifty (50) states of the United States, and specifically, within the State of New York.

46.     Upon information and belief, the Agreement between EXTRADE II and CROWN was in effect on the date the infant plaintiff, NICHOLAS GALLELLI, was injured on July 4, 2007. Upon information and belief, the Agreement between EXTRADE II and CROWN was in effect on the date the Subject Bottle of Corona Extra was bottled in Mexico in March 2007, and on the date the Subject Bottle was imported into the United States prior to July 4, 2007. Upon

9

information and belief, the importation of the Subject Bottle took place pursuant to the

Agreement between EXTRADE II and CROWN.

47.     Upon information and belief, during the term of the aforesaid Agreement from

January 2, 2007 through August 1, 2007, the defendant/third-party plaintiff, BARTON BEERS,

LTD., provided licensing to defendant, CROWN, for CROWN's sale and/or distribution of the

said Modelo beer products, including Corona Extra beer, in the United States, including the State

of New Jersey and/or the State of New York.  Upon information and belief, during the term of

the aforesaid Agreement from January 2, 2007 through August 1, 2007, the defendant/third-party

plaintiff, BARTON BEERS, LTD took title and physical possession of the said Modelo beer

products in the State of New Jersey, and distributed and/or sold them and/or caused them to be

distributed and/or sold from there to sub-distributors in New York and New Jersey.  Upon

information and belief, during the term of the aforesaid Agreement from January 2, 2007 through

August 1, 2007, the defendant/third-party plaintiff, BARTON BEERS, LTD took title and

physical possession of the Subject Bottle herein in the State of New Jersey, and distributed and

/or sold it and/or caused it to be distributed and/or sold from there to sub-distributors in New

Jersey.

48.     Upon information and belief, the Subject Bottle (bearing markings "GJ27CO88

17:57") which exploded and injured the infant plaintiff, NICHOLAS GALLELLI, on July 4,

2007 was a Modelo beer product which was supplied and/or exported by EXTRADE II to

CROWN pursuant to the aforesaid Agreement.  Upon information and belief, EXTRADE II is a

member of the Grupo Modelo family of companies, located in Mexico, which collectively, and at

all times relevant herein, control the brewing of beer, manufacturing of beer bottles, bottling of

10

beer, and exportation of beer, for all Modelo beer products, including Corona Extra, and the Subject Bottle herein.

**VENUE**

49.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. 1391(a), because this action is founded on diversity jurisdiction, and all the plaintiffs reside, and the claim arose, in the County of Suffolk, in the Eastern District of New York.

Facts

50.     On July 4, 2007, the infant plaintiff, accompanied by his parents, plaintiffs MARC and LINDA GALLELLI, attended a July 4th family gathering at the home of his uncle Michael Rubino, located at 135 Burr Road, Town of East Northport, County of Suffolk, State of New York.

51.     In the early afternoon of said date, at said location, the Subject Bottle, a glass bottle of Corona Extra, manufactured, brewed, and bottled by the Grupo Modelo family of companies in Mexico, exported by EXTRADE II per the aforenoted Agreement, and imported, distributed, marketed and sold by defendants CROWN and BARTON BRANDS, LTD. and BARTON BEERS, LTD., exploded.

52.     Glass from the Bottle pierced the left eye of the infant plaintiff, causing pain, suffering, serious and permanent injury, and permanent disability.  Upon information and belief, the infant plaintiff suffered severe visual impairment in his left eye caused by glass shards from the Bottle, and has endured multiple surgeries on the eye.  The infant plaintiff has been permanently disabled and disfigured as a direct and proximate result of the explosion of the Bottle of Corona Extra.

53.     Upon information and belief, at the time of the explosion, the Bottle of Corona Extra was in a cooler of ice together with other bottles and cans of soda, beer and water.

54.     Upon information and belief, the Bottle was in its original unopened condition at the time of the explosion.  After the explosion, the original metal cap bearing the logo "Corona Extra" was still in place on the neck fragment of the Bottle.  The neck fragment of the Bottle bears the numbers: "GJ27CO88  17:57".  Another large fragment of the Bottle bears the remains of a label bearing a bar code, the words "Barton Beers, Ltd.", a fragment of an address, "60603 USA", and a surgeon general warning.

55.     Upon information and belief, the explosion of the Bottle and the injury to the infant plaintiff were caused by improper pressure inside the bottle, defective manufacture of the bottle, poorly controlled bottling, poor annealing of the bottle, and other causes beyond the control of the infant plaintiff or plaintiffs or parties other than defendants.

56.     As a direct and proximate result of the explosion of the Bottle and the conduct of defendants, plaintiffs have been damaged, for which defendant, EXTRADE II is liable to plaintiffs, jointly and severally with defendants CROWN IMPORTS, LLC, BARTON BRANDS, LTD., and BARTON BEERS, LTD, previously named in the Complaint herein.  The infant plaintiff suffered grievous injury, pain, suffering, visual impairment, multiple surgeries, disfigurement and permanent disability.  MARC and LINDA GALLELLI have incurred costs and out of pocket expenses, time lost from work, emotional distress, and other damages.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST EXTRADE II

57.     Plaintiffs repeat and reallege each and every allegation set forth at paragraphs "1" through "56" as if fully set forth herein.

12

58. Upon information and belief, at the times relevant, said defendant, as per the Agreement forenoted, solely engaged in and exercised exclusive control over the export into the United States and supplying for import into the United States, Modelo beer products, including the Subject Bottle which caused injury to the infant plaintiff herein.

59. Upon information and belief, at the times relevant, said defendant had a duty to inspect and/or impose reasonable quality control and safety standards on Modelo beer products being imported into the United States, including the Subject Bottle which caused injury to the infant plaintiff herein.

60. Upon information and belief, at all times relevant herein, said defendant through its agents and employees, individually, jointly and severally, in violation of its aforesaid duty of care, unreasonably and negligently failed to inspect and/or impose reasonable quality control and safety standards for the Corona Extra product.

61. As a direct and proximate result of said defendant's negligence, the infant plaintiff has been injured in the amount of $15,000,000, for which said defendant is liable to him jointly and severally with defendants CROWN IMPORTS, LLC, BARTON BRANDS, LTD., and BARTON BEERS, LTD, previously named in the Complaint herein.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST EXTRADE II

62. Plaintiffs repeat and reallege each and every allegation set forth at paragraphs "1" through "56" and "58" through "61" as if fully set forth herein.

63. The injury suffered by the infant plaintiff as a result of the explosion of the Bottle is of a type which ordinarily would not occur absent negligence.

64. Plaintiffs exercised no control over the manufacture, bottling, inspection, import, export, supplying, distribution, and/or sale of the Bottle of Corona Extra, which were solely

within the control of said defendant and, as per the aforenoted Agreement, defendants, CROWN IMPORTS, LLC, BARTON BRANDS, LTD., and BARTON BEERS, LTD.

65.     Plaintiffs had no ability to detect that the manufacture, bottling, inspection, import, export, and/or distribution of the Corona Extra had been performed in an unsafe manner or using an unsafe container unable to withstand the internal pressure of the Bottle contents, and therefore were unable to take steps to protect themselves or the infant plaintiff.

66.     For the foregoing reasons, said defendant is liable to the infant plaintiff in the amount of $15,000,000 under the doctrine of *res ipsa loquitor*, jointly and severally with defendants CROWN IMPORTS, LLC, BARTON BRANDS, LTD., and BARTON BEERS, LTD, previously named in the Complaint herein.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST EXTRADE II

67.     Plaintiffs repeat and reallege each and every allegation set forth at paragraphs "1" through "56", "58" through "61", and "63" through "66" as if fully set forth herein.

68.     Upon information and belief, the unsafe pressure within the Subject Bottle and the unsafe and insufficient annealing and manufacture of the Subject Bottle made the Subject Bottle a defective and dangerous product, unfit to enter the stream of commerce.

69.     Upon information and belief, said defendant was solely responsible for the export into the United States and supplying for import into the United States, Modelo beer products, including the Subject Bottle which caused injury to the infant plaintiff herein.

70.     Upon information and belief, at all times relevant said defendant was in the direct chain of exporting, importing, supplying and distributing the Subject Bottle and placing the Subject Bottle into the marketplace for purchase at retail and use by consumers like plaintiffs, and others attending the family gathering on July 4, 2007.

71.     At the time relevant, the Subject Bottle was being used in the manner and for the purpose for which it was intended when it was exported and supplied by said defendant.

72.     At all times relevant, it was reasonably foreseeable that the Subject Bottle would be placed in a cooler with ice at a gathering of friends and family.

73.     Prior to the explosion, the Subject Bottle was intact, in the condition in which it was marketed by defendants and as it was when removed from its packaging, bearing the label and metal cap affixed by defendants.

74.     For the foregoing reasons, said defendant is liable to the infant plaintiff in the amount of $15,000,000 for injuries caused by the defective product, jointly and severally with defendants CROWN IMPORTS, LLC, BARTON BRANDS, LTD., and BARTON BEERS, LTD, previously named in the Complaint herein.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST EXTRADE II

75.     Plaintiffs repeat and reallege each and every allegation set forth at paragraphs "1" through "56", "58" through "61", "63" through "66", and "68" through "74" as if fully set forth herein.

76.     Upon information and belief, the Subject Bottle was purchased by plaintiff MARC GALLELLI or others attending the gathering of July 4th, 2007.

77.     At the times relevant, due to its defective and dangerous properties, the Subject Bottle was unfit for the purposes for which it was exported, supplied, imported, marketed, sold and intended - chilled in a cooler, for consumption by consumers at a social gathering.

78.     By placing the Subject Bottle into the stream of commerce, and marketing it for purchase, handling, use and consumption by consumers, said defendant breached its implied warranty of fitness.

79.     As a direct and proximate result of said defendant's breach of their implied warranty of fitness, the infant plaintiff has been injured in the amount of $15,000,000, for which said defendant is liable to him, jointly and severally, with defendants CROWN IMPORTS, LLC, BARTON BRANDS, LTD., and BARTON BEERS, LTD, previously named in the Complaint herein.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST EXTRADE II ON BEHALF OF PLAINTIFFS MARC AND LINDA GALLELLI

80.     Plaintiffs repeat and reallege each and every allegation set forth at paragraphs "1" through "56", "58" through "61", "63" through "66", "68" through "74", and "76" through "79" as if fully set forth herein.

81.     At all times herein, plaintiffs MARC GALLELLI and LINDA GALLELLI were, and still are the parents of the infant plaintiff NICHOLAS GALLELLI.

82.     As a result of the foregoing injuries to their infant son, MARC and LINDA GALLELLI have sustained damages due to the loss of companionship of their son, and other damages.

83.     As a direct and proximate result of the acts and omissions of said defendant set forth herein, MARC and LINDA GALLELLI have been damaged in the amount of $1,000,000 for which said defendant is liable to them, jointly and severally liable with defendants CROWN IMPORTS, LLC, BARTON BRANDS, LTD., and BARTON BEERS, LTD, previously named in the Complaint herein.   .

## DEMAND FOR JURY TRIAL

84.     Plaintiffs demand a trial by jury of all issues herein.

WHEREFORE, plaintiffs respectfully demand:

(a)     judgment on behalf of NICHOLAS GALLELLI in the amount of $15,000,000 in compensatory damages;

(b)     judgment on behalf of MARC and LINDA GALLELLI in the amount of $1,000,000 in compensatory damages;

(c)     the costs of the action; and

(d)     such other and further relief as may be just and proper.

Dated:  Westbury, New York
        May 5, 2010

                                Respectfully submitted,
                                LAW OFFICE OF ROBERT F. DANZI
                                Attorney for Plaintiffs

                        By:     _____
                                Robert F. Danzi
                                Bar Roll # RD 5447
                                900 Merchants Concourse, Suite 314
                                Westbury, New York 11590
                                (516) 228-4226

17

CASE NO.: 08-CV-3372
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

NICHOLAS GALLELLI, an infant, by and through
his Parents and Natural Guardians, MARC
GALLELLI and LINDA GALLELLI, and MARC
GALLELLI and LINDA GALLELLI, Individually,

Plaintiffs,

- against -

CROWN IMPORTS, LLC, GRUPO MONDELO,
S.A. de C.V., aka G MODELO CORPORATION,
BARTON BRANDS, LTD., and BARTON BEERS,
LTD., and EXTRADE II, S.A. DE C.V.,

Defendants.

------------------------------------------------------------------X
CONSTELLATION SPIRITS INC. f/k/a BARTON
BRANDS, LTD. and BARTON BEERS, LTD.,

Third-Party Plaintiffs,

- against -

EXTRADE II, S.A. DE C.V.,

Third-Party Defendant.

---

**RULE 14 (a)(3) CLAIM AGAINST EXTRADE II S.A. DE C.V. AND DEMAND FOR JURY TRIAL**

---

**Law Office of Robert F. Danzi**
**Attorney for Plaintiffs**
**900 Merchants Concourse, Suite 314**
**Westbury, New York 11590**
**(516) 228-4226**