UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICHOLAS GALLELLI, an infant, by and through his Parents and Natural Guardians, MARC GALLELLI and LINDA GALLELLI, and MARC GALLELLI and LINDA GALLELLI, Individually,<br><br>            Plaintiffs,<br><br>  vs.<br><br>CROWN IMPORTS, LLC, GRUPO MODELO, S.A. de C.V., aka G MODELO CORPORATION, BARTON BRANDS, LTD., BARTON BEERS, LTD., and EXTRADE II, S.A. de C.V.,<br><br>            Defendants. | No. 08 cv 3372 (LDW) (ARL)<br><br>**ANSWER TO PLAINTIFFS' COMPLAINT AND CROSSCLAIMS OF EXTRADE II, S.A. de C.V.**<br><br>**JURY TRIAL DEMANDED ON CROSSCLAIMS** |
| CONSTELLATION SPIRITS INC. f/k/a BARTON BRANDS, LTD., and BARTON BEERS, LTD.,<br><br>          Third-Party Plaintiffs,<br><br>  vs.<br><br>EXTRADE II, S.A. de C.V.,<br><br>          Third-Party Defendant. | |
| CROWN IMPORTS, LLC,<br><br>     Third-Party Plaintiff/Third-Party-Counterclaim Defendant,<br><br>  vs.<br><br>EXTRADE II, S.A. de C.V.,<br><br>     Third-Party Defendant/Third-Party-Counterclaim Plaintiff. | |

Defendant/Third-Party Defendant/Third-Party-Counterclaim Plaintiff Extrade II, S.A. de C.V. ("Extrade II"), by its attorneys, hereby answers the Rule 14(a)(3) Complaint ("Complaint") of Nicholas Gallelli, Marc Gallelli, and Linda Gallelli ("Plaintiffs"), dated May 5, 2010, as follows:

1. Denies the allegations of paragraph 1, except admits that the Court issued a Memorandum and Order, dated March 20, 2010, and refers to that document for its contents.

2. Denies the allegations of paragraph 2, except admits that Constellation Spirits Inc. f/k/a Barton Brands, Ltd., and Barton Beers, Ltd. (together, "Barton"), made a motion on April 8, 2010, and the Court issued an Order concerning that motion on April 19, 2010, and refers to those documents for their contents.

3. Denies the allegations of paragraph 3, except admits that a third-party complaint against Extrade II was filed by Barton on April 19, 2010, and was purported to be served by Barton on April 20, 2010.

4. States that paragraph 4 states legal conclusions to which no response is required, and to the extent a response is required, denies the allegations of paragraph 4.

5. States that paragraph 5 states legal conclusions to which no response is required, and to the extent a response is required, denies the allegations of paragraph 5.

6. States that it is without information sufficient to form a belief as to the truth of the allegations of paragraph 6.

7. States that it is without information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8. States that it is without information sufficient to form a belief as to the truth of the allegations of paragraph 8.

9. States that it is without information sufficient to form a belief as to the truth of the allegations of paragraph 9.

10. States that it is without information sufficient to form a belief as to the truth of the allegations of paragraph 10.

11. Admits the allegations of paragraph 11.

12. Denies the allegations of paragraph 12, except admits (i) that Extrade II supplies Product, as that term is defined in the Importer Agreement between Extrade II, S.A. de C.V. and Crown Imports LLC, dated January 2, 2007 ("Importer Agreement"), to Crown Imports LLC ("Crown") for sale in the United States, and refers to that document for its contents; and (ii) that Plaintiffs make allegations about a certain bottle in their Complaint, and refers to that document for its contents.

13. Denies the allegations of paragraph 13, except admits that Extrade II supplies Product to Crown for sale in the United States pursuant to the Importer Agreement, and refers to that document for its contents.

14. Denies the allegations of paragraph 14, except admits that Extrade II supplies Product to Crown for sale in the United States pursuant to the Importer Agreement, and refers to that document for its contents.

15. Denies the allegations of paragraph 15, except admits that Extrade II supplies Product to Crown for sale in the United States pursuant to the Importer Agreement, and refers to that document for its contents.

16. Denies the allegations of paragraph 16, except admits that Extrade II supplies Product to Crown for sale in the United States pursuant to the Importer Agreement, and refers to that document for its contents.

17. Denies the allegations of paragraph 17, except admits that Extrade II supplies Product to Crown for sale in the United States pursuant to the Importer Agreement, and refers to that document for its contents.

18. Denies the allegations of paragraph 18.

19. Denies the allegations of paragraph 19.

20. Denies the allegations of paragraph 20.

21. Denies the allegations of paragraph 21.

22. Denies the allegations of paragraph 22.

23. Denies the allegations of paragraph 23.

24. Denies the allegations of paragraph 24, except admits that Extrade II derives revenue from its supply of Product to Crown for sale in the United States pursuant to the Importer Agreement, and refers to that document for its contents.

25. Denies the allegations of paragraph 25, except admits that Extrade II derives revenue from its supply of Product to Crown for sale in the United States pursuant to the Importer Agreement, and refers to that document for its contents.

26. Denies the allegations of paragraph 26, except admits that Extrade II derives revenue from its supply of Product to Crown for sale in the United States pursuant to the Importer Agreement, and refers to that document for its contents.

27. Denies the allegations of paragraph 27, except admits that Extrade II derives revenue from its supply of Product to Crown for sale in the United States pursuant to the Importer Agreement, and refers to that document for its contents.

28. Denies the allegations of paragraph 28, except admits that Extrade II derives revenue from its supply of Product to Crown for sale in the United States pursuant to the Importer Agreement, and refers to that document for its contents.

29. Denies the allegations of paragraph 29, except admits that Extrade II derives revenue from its supply of Product to Crown for sale in the United States pursuant to the Importer Agreement, and refers to that document for its contents.

30. States that paragraph 30 states legal conclusions to which no response is required, and to the extent that a response is required, denies the allegations of paragraph 30.

31. States that paragraph 31 states legal conclusions to which no response is required, and to the extent that a response is required, denies the allegations of paragraph 31.

32. States that paragraph 32 states legal conclusions to which no response is required, and to the extent that a response is required, denies the allegations of paragraph 32.

33. States that paragraph 33 states legal conclusions to which no response is required, and to the extent that a response is required, denies the allegations of paragraph 33.

34. States that paragraph 34 states legal conclusions to which no response is required, and to the extent that a response is required, denies the allegations of paragraph 34.

35. States that paragraph 35 states legal conclusions to which no response is required, and to the extent that a response is required, denies the allegations of paragraph 35.

36. Denies the allegations of paragraph 36.

37. Denies the allegations of paragraph 37.

38. Denies the allegations of paragraph 38.

39. Denies the allegations of paragraph 39, except admits that the Plaintiffs Nicholas Gallelli, Marc Gallelli, and Linda Gallelli commenced an action pursuant to a Complaint, filed on August 19, 2008 ("Original Complaint"), and refers to that document for its contents.

40. Denies the allegations of paragraph 40, except admits that Barton purported to answer Plaintiffs' Original Complaint in an Answer, dated September 17, 2008, and that Crown purported to answer the Complaint in Crown's Verified Answer with Demands, dated September 29, 2008, and refers to those documents for their contents.

41. Denies the allegations of paragraph 41, except admits that Barton and Crown made a motion on April 8, 2010, and the Court issued an Order regarding that motion on April 19, 2010, and refers to those documents for their contents.

42. States that paragraph 42 states legal conclusions to which no response is required, and to the extent a response is required, denies the allegations of paragraph 42.

43. Denies the allegations of paragraph 43, except admits that the Importer Agreement exists, and refers to that document for its contents.

44. Denies the allegations of paragraph 44, except admits that the Importer Agreement exists, and refers to that document for its contents.

45. Denies the allegations of paragraph 45, except admits that the Importer Agreement exists, and refers to that document for its contents.

46. Denies the allegations of paragraph 38, except admits (i) that the Importer Agreement was effective as of January 2, 2007; and (ii) that Extrade II supplies Product to Crown for sale in the United States pursuant to the Importer Agreement, and refers to that document for its contents.

47. States that it is without information sufficient to form a belief as to the truth of the allegations of paragraph 47.

48. Denies the allegations of paragraph 48, except admits that Extrade II supplies Product to Crown for sale in the United States pursuant to the Importer Agreement, and refers to that document for its contents.

49. States that paragraph 49 states legal conclusions to which no response is necessary, and to the extent a response is required, denies the allegations of paragraph 49.

50. States that it is without information sufficient to form a belief as to the truth of the allegations of paragraph 50.

51. States that it is without information sufficient to form a belief as to the truth of the allegations of paragraph 51.

52. States that it is without information sufficient to form a belief as to the truth of the allegations of paragraph 52.

53. States that it is without information sufficient to form a belief as to the truth of the allegations of paragraph 53.

54. States that it is without information sufficient to form a belief as to the truth of the allegations of paragraph 54.

55. Denies the allegations of paragraph 55.

56. Denies the allegations of paragraph 56.

57. Repeats, re-alleges, and incorporates by reference its responses to paragraphs 1 through 56 as if fully set forth herein.

58. Denies the allegations of paragraph 58, except admits that Extrade II supplies Product to Crown for sale in the United States pursuant to the Importer Agreement, and refers to that document for its contents.

59. States that paragraph 59 states legal conclusions to which no response is required, and to the extent a response is required, denies the allegations of paragraph 59.

60. Denies the allegations of paragraph 60.

61. Denies the allegations of paragraph 61.

62. Repeats, re-alleges, and incorporates by reference its responses to paragraphs 1 through 61 as if fully set forth herein.

63. Denies the allegations of paragraph 63.

64. Denies the allegations of paragraph 64.

65. Denies the allegations of paragraph 65.

66. Denies the allegations of paragraph 66.

67. Repeats, re-alleges, and incorporates by reference its responses to paragraphs 1 through 66 as if fully set forth herein.

68. Denies the allegations of paragraph 68.

69. Denies the allegations of paragraph 69, except admits that Extrade II supplies Product to Crown for sale in the United States pursuant to the Importer Agreement, and refers to that document for its contents.

70. Denies the allegations of paragraph 70, except admits that Extrade II supplies Product to Crown for sale in the United States pursuant to the Importer Agreement, and refers to that document for its contents.

71. Denies the allegations of paragraph 71.

72. Denies the allegations of paragraph 72.

73. Denies the allegations of paragraph 73.

74. Denies the allegations of paragraph 74.

75. Repeats, re-alleges, and incorporates by reference its responses to paragraphs 1 through 74 as if fully set forth herein.

76. States that it is without information sufficient to form a belief as to the truth of the allegations of paragraph 76.

77. Denies the allegations of paragraph 77.

78. Denies the allegations of paragraph 78.

79. Denies the allegations of paragraph 79.

80. Repeats, re-alleges, and incorporates by reference its responses to paragraphs 1 through 79 as if fully set forth herein.

81. States that it is without information sufficient to form a belief as to the truth of the allegations of paragraph 81.

82. Denies the allegations of paragraph 82.

83. Denies the allegations of paragraph 83.

84. Denies each and every allegation of the Complaint not otherwise responded to above, including but not limited to allegations appearing in headings.

## **Affirmative Defenses**

1. The Complaint fails to state a claim upon which relief can be granted.

2. Extrade II was not negligent, acted reasonably at all times, and breached no duty to Plaintiffs.

3. Plaintiffs' claims are barred, either wholly or in part, because any injuries suffered by Plaintiffs are due to the culpable conduct of Plaintiffs and/or entities other than Extrade II.

4. Plaintiffs' claims are barred, either wholly or in part, due to lack of privity.

5. The product that is the subject of Plaintiffs' claims was safe and without defect when it left the manufacturer and at all times prior to delivery to Crown.

6. Any injuries suffered by Plaintiffs are due to misuse or abuse of the product that is the subject of Plaintiffs' claims.

7. Upon information and belief, Plaintiffs were fully aware of and informed about the nature of the product that is the subject of their claims and its attendant risks, and Plaintiffs assumed any such risks.

8. Upon information and belief, any injuries suffered by Plaintiffs are due, either wholly or in part, to Plaintiffs' failure to mitigate such injuries.

9. Upon information and belief, the product that is the subject of Plaintiffs' claims was substantially altered after it left Extrade II's control.

10. Any recovery by Plaintiffs is limited pursuant to CPLR Articles 14 and 14A.

11. Any recovery by Plaintiffs must be reduced pursuant to CPLR 4545(c).

12. Any recovery by Plaintiffs is limited pursuant to CPLR Article 16.

13. Extrade II hereby adopts and incorporates by reference any and all other defenses to Plaintiffs' claims asserted or to be asserted by Defendants Crown or Barton.

14. Extrade II reserves the right to raise additional defenses not asserted herein of which it becomes aware through discovery or other investigation.

## Crossclaims

Defendant/Third-Party Defendant/Third-Party-Counterclaim Plaintiff Extrade II, S.A. de C.V. ("Extrade II") by its undersigned counsel, upon personal knowledge as to its own actions and upon information and belief as to the actions of others, alleges the following crossclaims against Defendants Crown Imports LLC ("Crown"), Constellation Spirits Inc. f/k/a Barton Brands, Ltd., and Barton Beers, Ltd.

**(COUNT I: Crossclaim for Contribution)**

1. In the event that Extrade II is found jointly and/or severally liable with other defendants in this action, and recovery from Extrade II exceeds Extrade II's proportionate share of the judgment, Extrade II will be damaged and entitled to contribution from said defendants.

**(COUNT II: Crossclaim for Common Law Indemnification)**

2. In the event that Extrade II is found liable, in whole or in part, in this action for injuries caused not by Extrade II but by the negligence, breach of warranty, strict liability, and/or culpable conduct of other defendants in actions, Extrade II will be damaged and entitled to full and complete indemnification from said defendants under the common law for any and all losses, liabilities, costs, expenses, and attorney's fees, incurred by Extrade II in this action.

**(COUNT III: Crossclaim for Contractual Indemnification against Crown)**

3. Extrade II and Crown are parties to an Importer Agreement, dated January 2, 2007. The Importer Agreement sets forth a valid and binding agreement for Extrade II to supply certain beers, including Corona Extra, to Crown, and for Crown to import, market, and sell such beers within the United States and certain other territories.

4. Crown has an express obligation under Section 10.1 of the Importer Agreement to indemnify Extrade II from any and all claims, losses, liabilities, costs, and expenses, including attorney's fees, arising out of any act or omission of Crown in connection with the importation, marketing, or sale of Corona Extra beer. An actual or alleged defect occurring in Corona Extra beer after delivery to Crown pursuant to the Importer Agreement constitutes such an act or omission by Crown.

5. If the injuries complained of by Plaintiffs, Constellation Spirits Inc. f/k/a Barton Brands, Ltd., and Barton Beers, Ltd. (together, "Barton"), and Crown are found in this litigation to arise from an act or omission of Crown in importing, marketing, or selling the Corona Extra beer that is the subject of this litigation, then Extrade II is entitled to full and complete indemnification from Crown for any and all losses, liabilities, costs, and expenses, including attorney's fees, incurred by Extrade II in connection with Plaintiffs' claims and the claims of Crown and Barton.

6. Any failure by Crown to indemnify Extrade II in the above circumstances would constitute a material breach of Crown's obligations under Section 10.1 of the Importer Agreement.

7. As a proximate and foreseeable result of such a breach, Extrade II would be entitled to damages in an amount to be proven at trial, but no less than the losses,

liabilities, costs and expenses, including attorney's fees, incurred by Extrade II in connection with Plaintiffs' claims and the claims of Crown and Barton.

8. Extrade II has performed its obligations under the Importer Agreement.

## Prayer for Relief

**WHEREFORE**, Defendant/Third-Party Defendant/Third-Party-Counterclaim Plaintiff Extrade II respectfully prays for judgment and relief:

1. Entering judgment against Plaintiffs on all counts, and denying all relief sought in Plaintiffs' Complaint;

2. Declaring that Extrade II is entitled to contribution from Crown and/or Barton, and awarding Extrade II damages in an amount to be determined at trial;

3. Declaring that Extrade II is entitled to common law indemnification from Crown and/or Barton, and awarding Extrade II damages in an amount to be determined at trial;

4. Declaring that Extrade II is entitled to contractual indemnification from Crown, and awarding Extrade II damages in an amount to be determined at trial;

5. Awarding Extrade II costs and disbursements of this action, attorney's fees, and interest; and

6. Such other and further relief as the Court deems just and proper.

May 27, 2010

CRAVATH, SWAINE & MOORE LLP,

by _____
Gary A. Bornstein

825 Eighth Avenue
New York, NY 10019
(212) 474-1000
GBornstein@cravath.com

*Attorneys for Extrade II, S.A. de C.V.*

13