# CRAVATH, SWAINE & MOORE LLP

| | | | | |
|---|---|---|---|---|
| ALLEN FINKELSON | JAMES C. VARDELL, III | | WILLIAM J. WHELAN, III | DAVID S. FINKELSTEIN |
| RONALD S. ROLFE | ROBERT H. BARON | | SCOTT A. BARSHAY | DAVID GREENWALD |
| PAUL C. SAUNDERS | KEVIN J. GREHAN | | PHILIP J. BOECKMAN | RACHEL G. SKAISTIS |
| MAX R. SHULMAN | STEPHEN S. MADSEN | | ROGER G. BROOKS | PAUL H. ZUMBRO |
| STUART W. GOLD | C. ALLEN PARKER | | WILLIAM V. FOGG | JOEL F. HEROLD |
| JOHN W. WHITE | MARC S. ROSENBERG | | FAIZA J. SAEED | ERIC W. HILFERS |
| JOHN E. BEERBOWER | SUSAN WEBSTER | | RICHARD J. STARK | GEORGE F. SCHOEN |
| EVAN R. CHESLER | DAVID MERCADO | | THOMAS E. DUNN | ERIK R. TAVZEL |
| MICHAEL L. SCHLER | ROWAN D. WILSON | | MARK I. GREENE | CRAIG F. ARCELLA |
| RICHARD LEVIN | PETER T. BARBUR | | SARKIS JEBEJIAN | TEENA-ANN V. SANKOORIKAL |
| KRIS F. HEINZELMAN | SANDRA C. GOLDSTEIN | | JAMES C. WOOLERY | ANDREW R. THOMPSON |
| B. ROBBINS KIESSLING | THOMAS G. RAFFERTY | | DAVID R. MARRIOTT | DAMIEN R. ZOUBEK |
| ROGER D. TURNER | MICHAEL S. GOLDMAN | | MICHAEL A. PASKIN | LAUREN ANGELILLI |
| PHILIP A. GELSTON | RICHARD HALL | | ANDREW J. PITTS | TATIANA LAPUSHCHIK |
| RORY O. MILLSON | ELIZABETH L. GRAYER | | MICHAEL T. REYNOLDS | ERIC L. SCHIELE |
| FRANCIS P. BARRON | JULIE A. NORTH | | ANTONY L. RYAN | ALYSSA K. CAPLES |
| RICHARD W. CLARY | ANDREW W. NEEDHAM | | GEORGE E. ZOBITZ | JENNIFER S. CONWAY |
| WILLIAM P. ROGERS, JR. | STEPHEN L. BURNS | | GEORGE A. STEPHANAKIS | MINH VAN NGO |
| JAMES D. COOPER | KATHERINE B. FORREST | | DARIN P. MCATEE | |
| STEPHEN L. GORDON | KEITH R. HUMMEL | | GARY A. BORNSTEIN | |
| DANIEL L. MOSLEY | DANIEL SLIFKIN | | TIMOTHY G. CAMERON | SPECIAL COUNSEL |
| GREGORY M. SHAW | JEFFREY A. SMITH | | KARIN A. DEMASI | SAMUEL C. BUTLER |
| PETER S. WILSON | ROBERT I. TOWNSEND, III | | LIZABETHANN R. EISEN | GEORGE J. GILLESPIE, III |

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: (212) 474-1000
FACSIMILE: (212) 474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: 44-20-7453-1000
FACSIMILE: 44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1084

July 15, 2010

<u>Gallelli, et al. v. Crown Imports LLC, et al., No. 08-cv-3372</u>

Dear Judge Lindsay:

      I write on behalf of Extrade II, S.A. de C.V. ("Extrade II") to respond to plaintiffs' letter of July 14, 2010, in the above-titled action. In their letter, plaintiffs oppose a July 12, 2010, motion by Constellation Spirits Inc. f/k/a Barton Brands, Ltd., and Barton Beers, Ltd. (together, "Barton") to compel the depositions of six non-party witnesses. None of plaintiffs' reasons for doing so withstand scrutiny, and Extrade II respectfully requests that Barton's motion be granted.

      Plaintiffs' claim that these depositions are "fishing expeditions" is without merit. There is no secret about the significance of the nurses' testimony. Each of the nurses that Barton seeks to depose treated the plaintiff in the hours following the alleged injury. The medical records indicate that, during that time, hospital workers were told by the child's parents, who are themselves plaintiffs, that the cause of the injury was not, in fact, an "explosion" but rather the result of the child breaking the bottle himself.[1] As a result, the testimony of these nurses would address a core issue to this case, contrary to plaintiffs' claim that it could not be "conceivably . . . relevant". Plaintiffs' contention that some of the nurses' testimony could be hearsay is both incorrect and beside the point. Among other things, the nurses appear to have personal knowledge of statements made by plaintiffs in this case (the child's parents) regarding the cause of the child's injury. Depositions of the nurses are, therefore, reasonably calculated to lead to the discovery of

---

      [1] Examples of medical records that contradict plaintiffs' allegations can be readily provided to the Court should the Court wish to see them. They have not been filed with this letter out of respect for the plaintiff's privacy.

admissible evidence. Such testimony is discoverable under Federal Rule of Civil Procedure 26(b)(1).

Plaintiffs also make much of the supposed untimeliness of Barton's request. However, the parties are well within the deadline of November 15, 2010, for the completion of "[a]ll discovery, inclusive of expert discovery", which was set by this Court on April 26, 2010. The August 6, 2010, date on which plaintiffs rely is merely an interim date. Having the requested depositions occur after August 6 would not affect any other date on the schedule and would not occasion any delay in the trial of this case. As shown above, plaintiffs' real concern about these depositions is that they will substantially undermine plaintiffs' allegations as to how the incident at issue occurred.

Moreover, plaintiffs are still disclosing additional fact witnesses, making any argument about timeliness hypocritical. Plaintiffs' Supplemental Rule 26 Disclosures list four new individuals who supposedly have discoverable information. This notice, dated July 9, 2010, was received only days ago. Plaintiffs cannot, on one hand, continue to disclose witnesses in the weeks before August 6 and, on the other, claim that subpoenas served during those weeks are untimely.

Finally, plaintiffs object to the number of depositions noticed by Barton and Extrade II in this case. As an initial matter, Barton has taken only two depositions to date: plaintiffs Marc and Linda Gallelli. With the six additional depositions sought here, Barton would have taken only eight, which is below the presumptive ten-deposition limit of Federal Rule 30(a)(2)(A)(i). Separately, Extrade II, which was brought into this case as a third-party defendant and only recently made a direct defendant, has subpoenaed its first five depositions for early August. These depositions should not be added to Barton's total under a plain language reading of the rule, which segregates "defendants" and "third-party defendants". However, even were the two figures added to reach 13, Extrade II respectfully requests that the Court grant leave to Barton and Extrade II to conduct three additional fact depositions here. As discussed above, the testimony of these nurses will go to the heart of this case: what caused the plaintiff's injury.

We appreciate the Court's attention to this response.

Respectfully,

Gary A. Bornstein

The Honorable Arlene R. Lindsay
   United States Magistrate Judge
      United States District Court for the Eastern District of New York
         Long Island Federal Courthouse
            814 Federal Plaza
               Central Islip, NY 11722

BY FEDEX AND CM/ECF

Copies to:

The Honorable Leonard D. Wexler
   United States District Judge
      United States District Court for the Eastern District of New York
         Long Island Federal Courthouse
            944 Federal Plaza
               Central Islip, NY 11722

BY FEDEX AND CM/ECF

Robert M. Lustberg, Esq.
   Lustberg & Ferretti
      5 Garrison Road
         Glens Falls, NY 12801

Thomas F. Cerussi, Esq.
   Cerussi & Spring
      One North Lexington Avenue
         White Plains, NY 10601

Brian S. Brandman, Esq.
   Morenus, Conway, Goren & Brandman
      58 South Service Road, Suite 350
         Melville, NY 11747

BY CM/ECF