UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
NICHOLAS GALELLI, et al.,

                        Plaintiffs,

                                                         **ORDER**
        -against-                                        CV 08-3372 (LDW)(ARL)

CROWN IMPORTS, LLC, et al.,

                        Defendants,
----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

       On September 28, 2010, the parties appeared before the undersigned to address several pending discovery motions including the plaintiff's motion to compel the defendant Extrade II, S.A. de C.V. ("Extrade") to produce certain documents. The motion was resolved on the record with the exception of the plaintiff's request to compel Extrade to produce documents that it withheld on the basis of the attorney-client privilege. Extrade argued that "the documents were made in the course of an on-going enterprise," and thus, were protected by the common interest doctrine.

       "The common interest doctrine 'is an exception to the general rule that voluntary disclosure of confidential, privileged matter to a third party waives an applicable privilege.'" *See HSH Nordbank AG N.Y. Branch v. Swerdlow,* 259 F.R.D. 64, 71 (S.D.N.Y. 2009)(citing *Sokol v. Wyeth, Inc.,* 2008 U.S. Dist LEXIS 60976 (S.D.N.Y. Aug. 4, 2008)). It precludes a finding of waiver where the confidential communication is "made in the course of an ongoing common enterprise and intended to further the enterprise." *Id.* In order to demonstrate the applicability of the common interest doctrine, the party asserting the rule must show that (1) it "share[s] a common legal interest with the party with whom the information was shared" and (2) "the statements for which protection is sought [must have been] designed to further that interest." *Id.*

       Although Extrade argues that it is "responsible for purchasing beer from breweries and supplying it to Crown Imports LLC," Extrade has not specifically identified the nature of its relationship with Safeway Risk Management, Interproteccion, S.A. de C.V., Grupo Modelo, Mark Stein Beverages, Freese and Gianelli Claims Service, and Chris Kane, nor has it explained how theses entities and individuals are involved in the enterprise. Accordingly, the court cannot resolve the application based on the material before it. By October 22, 2010, Extrade is directed to supplement its submission and provide the court with detailed information concerning the common enterprise and the individuals and entities involved in the withheld communications.

Dated: Central Islip, New York            **SO ORDERED:**
       October 12, 2010                              /s/
                                                     ARLENE ROSARIO LINDSAY
                                                     United States Magistrate Judge