UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
NICHOLAS GALELLI, et al.,

                              Plaintiffs,                               **ORDER**

           -against-                                                  CV 08-3372 (LDW)(ARL)

CROWN IMPORTS, LLC, et al.,

                              Defendants,
----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

       On September 28, 2010, the parties appeared before the undersigned to address, among other things, the plaintiff's motion to compel the defendant Extrade II, S.A. de C.V. ("Extrade") to produce documents withheld on the basis of the attorney-client privilege. Extrade argued that "the documents were made in the course of an on-going enterprise," and thus, were protected by the common interest doctrine. The court directed Extrade to submit the documents at issue for in camera review, which it did. However, Extrade did not explain how the entities or individuals identified on the documents were involved in the enterprise. Extrade has supplemented its submission. The supplemental submission explains the relationship between Extrade, Interproteccion, S.A. de C.V., and ING, the recipients of the in camera documents all of which provide advice from attorneys regarding consumer claims. Extrade argues that, given the relationship of the entities, there has been no waiver of the privilege.

       In order to demonstrate the applicability of the common interest doctrine, the party asserting the rule must show that (1) it "share[s] a common legal interest with the party with whom the information was shared" and (2) "the statements for which protection is sought [must have been] designed to further that interest." *See HSH Nordbank AG N.Y. Branch v. Swerdlow,* 259 F.R.D. 64, 71 (S.D.N.Y. 2009)(citing *Sokol v. Wyeth, Inc.,* 2008 U.S. Dist LEXIS 60976 (S.D.N.Y. Aug. 4, 2008)). According to Extrade, Extrade shares a legal interest with Grupo Modelo given its status as an affiliate of Grupo Model and as an insured entity under Grupo Modelo's insurance policies. Extrade also argues that it shares a specific interest in defending claims for injuries allegedly caused by bottles of Corona beer because of its potential liability under New York law. Interprotecteccion is Grupo Modelo's insurance broker and ING is Grupo Modelo's insurer for product defect claims. With this clarification, it is now clear to the court that the letters and memos submitted for in camera review were sent to the different entities as part of a shared defense interest, and thus, qualify for treatment under the common interest doctrine. Accordingly, the plaintiff's motion to compel with respect to the documents withheld on the basis of attorney client privilege is denied.

Dated: Central Islip, New York                       **SO ORDERED:**
       November 5, 2010                                    /s/
                                                         ARLENE ROSARIO LINDSAY
                                                         United States Magistrate Judge